LEVY, Judge.
Plaintiffs appeal an adverse judgment in their cause of action under the Equal Credit Opportunity Act. We reverse.
Appellants Robin and Glenda Vietinghoff are husband and wife. The husband is a *1209 firefighter, and a member of the appellee, Miami Beach Federal Credit Union. The husband applied to the Credit Union for an unsecured loan of $5,000. He was told by Chris Elmore, a Credit Union employee, that he would not be approved for any loan unless his wife eo-signed the note. The couple’s joint application was eventually denied, but they were counter-offered a loan of $2,500, which they accepted.
The couple later filed suit against the Credit Union, alleging a violation of the Equal Credit Opportunity Act (“ECOA”). See 15 U.S.C.A. §§ 1691-1691Í (West 1982 & Supp.1995). Their complaint alleged a violation of the ECOA based upon Elmore’s verbal representation that the wife must co-sign the application in order for it to be approved. A bench trial was held, at the conclusion of which the trial judge found no violation of the ECOA. The husband and wife now appeal.
Congress has authorized the promulgation of federal regulations in order to enforce and administer the ECOA. See 15 U.S.C.A. § 1691b (West 1982 & Supp.1995). A violation of these federal regulations constitutes a substantive violation of the ECOA. See United States v. ITT Consumer Fin. Corp., 816 F.2d 487, 491 (9th Cir.1987); Miller v. American Express Co., 688 F.2d 1235, 1239 (9th Cir.1982); Anderson v. United Fin. Co., 666 F.2d 1274, 1277 (9th Cir.1982).
The couple based their entire cause of action upon an alleged violation of 12 C.F.R. § 202.7(d)(5) (1989). This regulation states:
If, under a creditor’s standards of creditworthiness, the personal liability of an additional party is necessary to support the extension of the credit requested, a creditor may request a cosigner, guarantor, or the like. The applicant’s spouse may serve as an additional party, but the creditor shall not require that the spouse be the additional party.
12 C.F.R. § 202.7(d)(5) (1989) (emphasis added).
At trial, the husband and wife both testified that they were told by employee Elmore that the wife must sign the application in order for the husband to get the loan. This testimony was uncontradicted and unrebufc-ted by the Credit Union because employee Elmore did not testify, and because the Credit Union’s sole witness testified that she had no knowledge regarding what statements were made by Elmore to the couple.
Our standard of review in this case is clear:
We are duty bound not to disturb the findings of fact of a trial judge in a case heard without a jury where such findings are based upon conflicting competent evidence. However, where the testimony on the pivotal issues of fact is not contradicted or impeached in any respect, and no conflicting evidence is introduced, these statements of fact can not be wholly disregarded or arbitrarily rejected. Rather, the testimony should be accepted as proof of the issue for which it is tendered, even though given by an interested party, so long as it consists of fact, as distinguished from opinion, and is not essentially illegal, inherently improbable or unreasonable, contrary to natural laws, opposed to common knowledge, or contradictory within itself.
Duncanson v. Service First, Inc., 157 So.2d 696, 699 (Fla. 3d DCA 1963) (footnotes omitted); see also Holland v. Gross, 89 So.2d 255, 258 (Fla.1956) (“A finding which rests on conclusions drawn from undisputed evidence, rather than on conflicts in the testimony, does not carry with it the same conclusiveness as a finding resting on probative disputed facts, but is rather in the nature of a legal conclusion.”); Merrill Stevens Dry Dock Co. v. G & J Invs. Corp., 506 So.2d 30, 32 (Fla. 3d DCA) (“Uncontradicted testimony must be accepted as proof of a contested issue.”), rev. denied, 515 So.2d 229 (Fla.1987). We find no basis upon which the trial judge could have rejected the husband’s and wife’s testimony. Furthermore, this testimony unequivocally indicated a violation of the ECOA regulation. See In re DiPietro, 135 B.R. 773, 777 (Bankr.E.D.Pa.1992) (proof that a lender required a wife’s signature on a husband’s note constituted prima facie evidence of an ECOA violation); see also ITT Consumer Fin., 816 F.2d at 492-93 (where lender requires a married applicant to obtain a cosigner, but does not require the co-signer to *1210 be the applicant’s spouse, there is no ECOA violation); cf. Cragin v. First Fed. Savs. & Loan Ass’n, 498 F.Supp. 379, 384 (D.Nev. 1980) (where there was no credible evidence that the wife’s signature was demanded on the husband’s loan application, there was no proof of a violation of the regulation). Consequently, the trial judge erred as a matter of law in failing to find that the husband and wife had proven their case.
The judgment entered in favor of the Credit Union is reversed, and this case is remanded for entry of a judgment in favor of the husband and wife as to liability. The trial judge shall also take further appropriate action pursuant to the remedial aspects of the ECOA. See 15 U.S.C.A. § 1691e (West 1982 & Supp.1995).
Reversed and remanded for further consistent proceedings.