[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 25, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14944
Non-Argument Calendar

_____

D. C. Docket No. 02-00391-CV-RH-WS

ELAINE D. HARPER,

Plaintiff-Appellant,

versus

CHASE MANHATTAN BANK,
LITTON LOAN SERVICING, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 25, 2005)

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Elaine D. Harper appeals from the district court's grant of summary judgment in favor of Chase Manhattan Bank, Litton Loan Servicing, and Butler & Hosch (Chase) in her civil suit alleging Chase had engaged in predatory lending practices in violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*, the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691 *et seq.*, and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* We affirm the district court.

## I. BACKGROUND

In Harper's first amended complaint, she asserted she had alleged bad faith against Chase in her answer to the motion for summary judgment in foreclosure, which was filed in Florida state court. She stated the state court entered summary judgment for foreclosure, and her house was subsequently sold at a foreclosure sale.

The district court entered an order on July 19, 2004, advising Harper she would bear the burden of proof in opposing a motion for summary judgment, and she must come forward with evidentiary material demonstrating a genuine issue of fact. The district court stated Harper could file a motion for leave to file an amended complaint by August 2, 2004, after which time no such motion would be considered. Harper moved for leave to file a second amended complaint on

August 3, 2004. She added several causes of action to those alleged in her amended complaint. No additional supporting evidence was attached.

Cross-motions for summary judgment were filed. The district court granted summary judgment in favor of Chase, based on its finding Harper had presented no evidence in support of her allegations of misconduct. The district court also found summary judgment was appropriate because Harper's action was barred by the *Rooker-Feldman* doctrine. The district court further denied Harper's motion for leave to amend as moot, noting her proffered further amended complaint set forth additional conclusory allegations of misconduct but added nothing to the analysis of whether Chase was entitled to summary judgment.

On appeal, Harper argues summary judgment was inappropriate because she established the existence of disputed, material facts. She asserts the district court erred in applying the *Rooker-Feldman* doctrine to grant summary judgment because she did not present her federal claims in state court. She further contends the district court erred in denying her motion for leave to amend her complaint as moot, because leave to amend should be freely given and Chase would not have been prejudiced.

## II. DISCUSSION

A.     *Summary Judgment*

"We review *de novo* the district court's grant of summary judgment, applying the same standard as the district court" and viewing "all evidence and factual inferences reasonably drawn from the evidence in the light most favorable to the non-moving party." *Burton v. Tampa Housing Auth.*, 271 F.3d 1274, 1276–77 (11th Cir. 2001). "'Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 1277 (citation omitted). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the non-moving party to come forward with specific facts showing there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986).

"A grant of summary judgment may be upheld on any basis supported by the record." *Burton*, 271 F.3d at 1277. Under the *Rooker-Feldman* abstention doctrine, "[i]t is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997). "[T]he authority to review final decisions from the highest court of the state is reserved to the Supreme Court of the United States." *Id.*

> The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are inextricably

intertwined with a state court judgment. A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. However, even if a claim is inextricably intertwined with the state court's judgment, the doctrine does not apply if the plaintiff had no reasonable opportunity to raise his federal claim in state proceedings.

*Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001) (internal quotations and citations omitted).

The district court's docket sheet and Chase's motion for summary judgment indicate Chase produced some evidence in support of its motion. However, this evidence is not included in the record, making it impossible to determine if Chase adequately supported its motion for summary judgment below.[1] *See Matsushita*, 106 S. Ct. at 1356. Regardless, the district court did not err in dismissing the case under the *Rooker-Feldman* doctrine. Harper's claims under the TILA, FDCPA, and ECOA were inextricably intertwined with the foreclosure proceeding in state court, as is shown by her request for an injunction to restrain Chase from enforcing the foreclosure. *Goodman*, 259 F.3d at 1332. Moreover, Harper could have raised her federal claims in state court and, in fact, she indicates she raised similar claims

---

[1] We note Harper bears the burden of producing this evidence. F.R.A.P. 10(b)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion.").

in opposition to the motion for summary judgment for foreclosure.[2] Consequently,

Harper had a reasonable opportunity to raise her claims of bad faith and

harassment in the foreclosure action in state court. *Goodman*, 259 F.3d at 1332.

The district court did not err in finding Harper's complaint barred by the

*Rooker-Feldman* doctrine, because her federal claims are inextricably intertwined

with the state court's judgment and she had a reasonable opportunity to raise the

claims there. *Id.*

B.      *Second Amended Complaint*

We review the denial of a motion for leave to amend for abuse of discretion.

*Carruthers v. BSA Adver., Inc.*, 357 F.3d 1213, 1217-18 (11th Cir. 2004). A

motion to amend may be denied on numerous grounds, including undue delay and

futility of the amendment. *Id.* at 1218.

Since Harper's second amended complaint contained only additional

allegations, with no discussion of the *Rooker-Feldman* doctrine, amendment would

have been futile. *Id.* at 1218. Moreover, Harper unduly delayed filing her motion,

as she submitted it one day after the district court's deadline for such motions, as

---

[2] TILA, ECOA, and FDCPA claims are brought in Florida courts. *See, e.g., Bryan v. Clayton*, 698 So. 2d 1236 (Fla. 5th DCA 1997) (affirming a judgment that defendant had not violated the FDCPA); *Dove v. McCormick*, 698 So. 2d 585 (Fla. 5th DCA 1997) (reviewing a grant of final summary judgment of foreclosure where defendant had raised the TILA as an affirmative defense); *Vietinghoff v. Miami Beach Fed. Credit Union*, 657 So. 2d 1208 (Fla. 3d DCA 1995) (reversing and remanding a judgment that defendant had not violated the ECOA).

set forth in its July 19, 2004 order. *Id.* Thus, the district court did not abuse its discretion in denying Harper's motion for leave to amend.

## III. CONCLUSION

Although it is impossible to determine from the record whether summary judgment on the merits was appropriate, the district court did not err in determining Harper's suit was barred by the *Rooker-Feldman* doctrine. The district court also did not abuse its discretion in denying Harper's motion for leave to amend.[3]

**AFFIRMED.**

---

[3] Harper further claims the district court violated her equal protection and due process rights by hindering her from receiving full, fair, and impartial hearings. She asserts this because (1) the district judge stated in a pretrial hearing that if Chase filed a motion for summary judgment, he would rule on it, and (2) the district court denied her motion to amend her complaint. We find no merit to this contention.