[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 14, 2007
THOMAS K. KAHN
CLERK

No. 06-13739
Non-Argument Calendar
_____

D. C. Docket No. 06-00183-CV-T-26EAJ

YOLANDA PARKER,

Plaintiff-Appellant,

versus

NANCY POTTER, individually,
MONEY CONSULTANTS, INC.,
a Florida corporation,
DOOLEY & DRAKE, P.A.,

Defendants-Appellees,

CLERK OF THE COURT FOR THE 6TH JUDICIAL CIRCUIT,
PINELLAS COUNTY, FLORIDA,
in its official capacity,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(February 14, 2007)**

Before DUBINA, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Yolanda Parker ("Parker") filed suit against Nancy Potter ("Potter"), Money Consultants, Inc. ("Money"), and Dooley & Drake, P.A. ("Dooley") for rescission under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635, and for state law claims. Parker contends that the district court erred in granting Potter's motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Although we agree with the district court that Parker failed to properly allege that Potter is a creditor under the TILA, we vacate and remand on other grounds.

## BACKGROUND

Unbeknownst to Parker, on May 20, 2003, her husband, Gary K. Parker, contracted with Money for a promissory note and mortgage in the amount of $875,000.00, secured by their marital home. Gary K. Parker used $750,000.00 to pay off the balance of the original mortgage on the marital home and kept the remaining funds for his personal use. In May, 2003, Money sold the mortgage to Potter. Dooley, the law firm that closed the loan to Gary K. Parker, handled all the documents for Potter's purchase, and received and held Potter's $875,000.00 for the purchase of the mortgage. In August 2003, Gary K. Parker defaulted on the promissory note. Before a foreclosure action commenced, it was discovered that

2

the home was marital property, and Parker had not signed the mortgage. Dooley requested that Parker come in and sign the mortgage, by that time held by Potter. Parker signed the mortgage on August 19, 2003, on the same document that Gary K. Parker had signed on May 20, 2003. The mortgage was re-recorded to add Parker's name. Parker was not provided with a notice of her right to rescind as required by 15 U.S.C. § 1635, or any of the other required disclosures, on that day or any time thereafter.

Seven days after Parker signed the mortgage, Potter declared both Gary K. Parker and Yolanda Parker in default. Foreclosure proceedings ensued on January 20, 2004 (wherein Dooley represented Potter). In January, 2005, the state court granted final summary judgment of foreclosure to Potter as against Gary K. Parker and Yolanda Parker.

On September 29, 2005, Parker, through her attorney, gave notice of rescission under the TILA to Potter, through which Parker sought to rescind "her obligation pursuant to that certain mortgage document signed by her in favor of Money Management or its assigns, to wit: Nancy Potter." In January 2006, the state court set a foreclosure date of February 6, 2006 for the home. Parker failed to obtain a stay of the foreclosure in state court and filed this action on February 1, 2006, initially as a Motion for Temporary and Permanent Restraining Order. The

3

district court denied Parker a restraining order and the home was foreclosed upon, and subsequently purchased in foreclosure by Potter. The district court afforded Parker the opportunity to amend and this case proceeded as an action for rescission under the TILA, and for state law claims. The district court granted Potter's motion to dismiss under Fed. R. Civ. P. 12(b)(6) and Parker now appeals.

## STANDARD OF REVIEW

We review dismissals pursuant to Rule 12(b)(6), *de novo,* taking all the material allegations of the complaint as true while liberally construing the complaint in favor of the plaintiff. *Ellis v. General Motors Acceptance Corp*., 160 F.3d 703, 706 (11th Cir. 1998). The district court may only grant a Rule 12(b)(6) motion to dismiss where it is demonstrated "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957). Although the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim, *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985), a court nonetheless may dismiss a complaint on a dispositive issue of law. *See Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## DISCUSSION

4

The declared purpose of the TILA, which regulates consumer credit transactions, is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and to avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a); *see Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412, 118 S.Ct. 1408, 1410-11, 140 L. Ed. 2d 566 (1998). Accordingly, the TILA requires creditors to provide consumers with "clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights," including the right of rescission. *Id.* at 412, 118 S. Ct. at 1410. Further, the TILA provides that when a loan made in a consumer credit transaction is secured by the consumer's principal dwelling, the consumer has the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or delivery of the material disclosure and rescission forms, whichever is later. 15 U.S.C. § 1635(a). If the creditor fails to deliver the forms, or fails to provide the required information, then the consumer's right of rescission extends for three years after the date of consummation of the transaction, or until the property is sold, whichever occurs first. 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3).

*A.    Creditor Liability*

The TILA imposes the duty to disclose upon "creditors" as that term is defined by 15 U.S.C. § 1602.  Section 1602(f) defines "creditor" as follows:

> The term "creditor" refers only to a person who both (1) regularly extends . . . consumer credit which is payable by agreement in more than fourinstallments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness . . . .

15 U.S.C. § 1602.  The parallel provision in Regulation Z provides:

> Creditor means: (i) A person (A) who regularly extends consumer credit that is subject to a finance charge or is payable by written agreement in more than 4 installments (not including a downpayment), and (B) to whom the obligation is initially payable, either on the face of the note or contract, or by agreement when there is no note or contract.

12 C.F.R. § 226.2(a)(17).  Section 1640 provides that creditors who fail to comply with the TILA's disclosure requirements are subject to civil liability. 15 U.S.C. § 1640(a) ("[A]ny creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title . . . with respect to any person is liable to such person . . . .").

Parker's Second Amended Complaint makes the general allegation that Potter is a "creditor" as defined by the TILA, "since this mortgage was obtained through a mortgage broker, to wit, MONEY and/or DOOLEY."  Pl.'s Second Am.

6

Pet. and Compl. ¶ 17.  Potter argues that Parker's complaint is insufficient to state a cause of action because Parker's complaint does not include the allegation of any specific facts indicating that Potter either (1) regularly extends credit, or (2) is the person to whom the debt is owed on the face of the mortgage note, the definition spelled out in § 1602(f) of the TILA.

In order for a person to be considered a creditor under the TILA, she must fall under both prongs of § 1602(f).  Parker's complaint fails to properly allege that Potter falls under the second prong of the definition—that is, she has failed to allege facts sufficient to show that Potter is the person to whom the obligation is initially payable on the face of the note.  Both the Mortgage Note and First Mortgage[1] designate Money as the payee of the obligation created by the mortgage transaction.  Potter's name appears *nowhere* on the face of the Mortgage Note or First Mortgage.  The clear language of the TILA requires that only the person to whom the debt is owed on the face of the mortgage is a creditor.  In spite of the fact that Potter held the mortgage at the time that Parker signed it, Potter does not fall under the plain language of the definition of "creditor" under the TILA.

---

[1]Although Parker failed to attach the Mortgage Note or the First Mortgage to her Second Amended Complaint, we may consider the documents "without converting the motion into one for summary judgment only if the attached document[s are]: (1) central to the plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).  In this case, the documents, attached to Potter's Motion to Dismiss and part of the record on appeal, serve as the memorialization of the very transaction that Parker seeks to rescind.  Further, the parties do not dispute the authenticity of the documents.

Therefore, even if we liberally construe the complaint, Parker has not alleged facts that support the legal conclusion that Potter is a creditor under the act. The district court properly held that Parker's complaint does not state a cause of action against Potter as a creditor for a violation of the TILA as a creditor.

B.    *Assignee Liability for Rescission*

The district court also considered the possibility that Potter is an assignee under the TILA. While Parker's complaint does not specifically allege that Potter is an assignee of the obligation, the district court reviewed the applicability of assignee liability under the TILA. The district court correctly noted that the TILA does not impose a duty upon assignees to determine whether appropriate disclosures were made, other than those apparent on the face of the document. The statute provides for civil liability against assignees only where a violation is apparent on the face of the disclosure statement. 15 U.S.C. § 1641(a).

However, the district court overlooks the fact that Parker's claim is not a civil action under § 1640(a) or § 1641(a) for violation of the disclosure regulations. Rather, Parker's complaint seeks rescission of the transaction under § 1635. *See* Pl.'s Second Am. Pet. and Compl. ¶ 58. An action for rescission under § 1635 is a distinct cause of action from a civil action for a violation of the TILA's disclosure requirements, and assignees are liable for rescission even if a disclosure violation

8

is not "apparent on the face." *See Rowland v. Novus Fin. Corp.*, 949 F. Supp. 1447, 1458 (D. Haw. 1996).   Consumers are not limited in seeking rescission from creditors.  The TILA clearly states that if a consumer is eligible for rescission under § 1635, she may seek rescission of the transaction as against the creditor or "as against *any* assignee of the obligation."  15 U.S.C. § 1641(c) (emphasis added). Thus, if Parker is eligible to seek rescission under § 1635, she may do so as against the creditor, or as against any assignee of the mortgage obligation, regardless of whether the assignee had notice of disclosure violations.

Because Parker's claim is for rescission, the district should have considered § 1641(c) in reviewing the possibility of assignee liability.  Therefore, we remand the case to the district court to consider whether the facts alleged are sufficient to state a claim for rescission in light of § 1641(c).

## CONCLUSION

Although we agree with the district court that Parker's complaint does not sufficiently allege that Potter is subject to liability as a "creditor" under the TILA, we remand for consideration of whether Parker's complaint nonetheless alleges facts sufficient to support a claim for rescission under 15 U.S.C. § 1641(c).

**VACATED and REMANDED.**