[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 15, 2010
JOHN LEY
CLERK

No. 08-16332
_____

D.C. Docket No. 06-00183-CV-T-26-EAJ

YOLANDA PARKER,

Plaintiff-Appellee,

versus

NANCY POTTER,
individually,

Defendant-Appellant.

_____

No. 08-16667
_____

D. C. Docket No. 06-00183-CV-T-26-EAJ

YOLANDA PARKER,

Plaintiff-Appellant,

versus

NANCY POTTER,
individually,

                                                            Defendant-Appellee.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(March 15, 2010)

Before TJOFLAT and BARKETT, Circuit Judges, and BARZILAY,[*] Judge.

BARZILAY, Judge:

Defendant-Appellant Nancy Potter ("Potter") and Plaintiff-Appellee

Yolanda Parker ("Parker") appeal certain aspects of the decision of the U.S.

District Court for the Middle District of Florida ("District Court") in *Parker v.*

*Potter*, No. 8:06-CV-183-T-26EAJ, 2008 WL 4539432 (M.D. Fla. Oct. 8, 2008)

(not reported in F. Supp.) ("*Parker III*").[1]  Potter asserts that the District Court

erred in rescinding the mortgage transaction between her and Parker under the

Truth in Lending Act ("TILA"), while Parker alleges that the District Court abused

its discretion by denying her request for monetary compensation.  The District

_____

[*] The Honorable Judith M. Barzilay, Judge, United States Court of International Trade, sitting by designation.

[1] The Court has consolidated the appeals of Potter (No. 08-16332) and Parker (No. 08-16667) because both concern the same factual and legal issues.

Court lacked subject matter jurisdiction over the case and, therefore, the court vacates the lower court's decision and remands with instructions to dismiss Parker's original claim for rescission.

## I. Background

### A. Relevant Facts

On May 20, 2003, Parker's husband, Gary Parker, refinanced his home in the Bayside Subdivision in Clearwater, Florida, contracting with Money Consultants, Inc. ("Money Consultants") for a balloon note and mortgage in the amount of $875,000.00 secured by the Bayside residence.[2] Docket Entry ("DE") 117 at 1. That same day, Money Consultants assigned the note and mortgage to Potter. DE 117 at 2. Potter subsequently instituted foreclosure proceedings on the property on January 20, 2004, in Pinellas County, Florida. DE 117 at 4. On July 7, 2004, Gary Parker quit-claimed the home to "Gary K. Parker and Yolanda Parker, husband and wife." Appellant Potter Br. 4 (quotations omitted). In January 2005, a Florida court granted final judgment of foreclosure to Potter against Gary and Yolanda Parker. DE 117 at 4.

On September 29, 2005, Parker sent a letter to Potter, expressing her intent

---

[2] A "balloon note" involves several low-interest payments during the course of the loan and a final, large payment upon maturity.

to rescind the already foreclosed mortgage under TILA. DE 117 at 4. Potter pursued a foreclosure sale on the property after receiving the letter. DE 116 Ex. A at 3. On February 6, 2006, Potter purchased the property at the foreclosure sale and subsequently sold the property to a third party in December 2006 for $1,600,000.00. DE 117 at 5.

**B.  Procedural History**

On February 1, 2006, Parker filed suit against Potter and Money Consultants in the District Court, seeking a restraining order to prevent the sale of the property. DE 1. The District Court dismissed the action with prejudice, *Parker v. Potter*, No. 8:06-CV-183-T-26EAJ, 2006 WL 1529546 (M.D. Fla. May 24, 2006) (not reported in F. Supp.) ("*Parker I*"), but this Court vacated and remanded the decision to afford Parker the opportunity to amend her complaint and proceed with an action for rescission under TILA and certain state law fraud claims. *Parker v. Potter*, 232 F. App'x 861 (11th Cir. 2007) (unpublished) ("*Parker II*"). Pursuant to the District Court's order, Parker filed an amended complaint on July 23, 2007, containing four claims:  Count I asked for a rescission of the mortgage transaction pursuant to 15 U.S.C. §§ 1635 and 1641(c) and the "return of her interest in the property and residence," DE 64 at 1, while Counts II,

4

III, and IV sought damages resulting from the state law fraud claims.  DE 64 at 2.

Upon cross-motions for summary judgment, the District Court entered an order granting summary judgment in favor of Parker as to Count I.  *Parker III*, 2008 WL 4539432, at *5.  The District Court held (1) that the refinancing of the home constituted a consumer credit transaction under TILA; (2) that Potter took an assignment of the loan and mortgage; and (3) that Parker's homestead rights in the residence under Florida law constituted an "ownership interest" for purposes of TILA and that she therefore could rescind the transaction based on Potter's failure to provide her with the requisite TILA disclosures and notice of the right to rescind.  *See id*. at *2-5.  Parker voluntarily dismissed her fraud claims.[3]

Parker subsequently filed a Motion for Clarification, asking the District Court to clarify its award of rescission in her favor.  DE 137.  She asked the District Court to invoke its equitable powers to order Potter to pay her $725,000.00, an alleged unjust enrichment obtained by Potter through the sale of the property to the third party.  DE 137 at 6-8.  The District Court construed Parker's motion as a request to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  DE 138 at 1.  The District Court

---

[3] Parker filed a Motion to Dismiss Counts II, III, and IV of her complaint, and the District Court granted the request.  DE 114.

5

ultimately denied the motion and concluded that Parker had sought only rescission and eschewed her right to seek damages under TILA by not specifically requesting monetary relief in her amended complaint or Motion for Summary Judgment. DE 138 at 1-2.

Potter now appeals the District Court's decision to rescind the mortgage under TILA, while Parker seeks the equitable relief that the District Court declined to provide her.

## II. Subject Matter Jurisdiction

The Court hears appeals from suits properly brought before the District Court pursuant to 28 U.S.C. § 1291. The District Court had jurisdiction over the claims asserted in this action under 28 U.S.C. § 1331, a statute which permits an individual to file a civil action against another who violates, among other laws, a provision of TILA.

## III. Discussion

### A. The *Rooker-Feldman* Doctrine

Potter avers that the *Rooker-Feldman* doctrine barred the District Court from reaching a decision on Parker's claim for rescission. Appellant Potter Br. 30-32; Appellant Potter Reply 13-19. Noting that a Florida court entered final judgment for foreclosure against Parker before she filed her claim for a rescission

under TILA in federal court, Potter alleges that the District Court lacked jurisdiction to review, reverse, or invalidate that final state court decision. Appellant Potter Br. 31. Parker contends that the *Rooker-Feldman* doctrine does not apply under the facts of this case because her claim under TILA "go[es] to whether there was compliance with the disclosure requirements of the federal statute[,] whereas[ ] the state court proceeding dealt with the question of whether the payments under the executed documents had been made." Appellee Parker Br. 28 (citation omitted).

The Court has an independent duty to ensure that a case or controversy exists and that it has subject matter jurisdiction over the claims presented before ruling on the merits of a claim. *See Harris v. United States*, 149 F.3d 1304, 1308 (11th Cir. 1998). In certain circumstances, a federal court must decline or postpone the exercise of its jurisdiction by deferring to the courts of the several states. *See, e.g., D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983) ("*Feldman*"); *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976); *Younger v. Harris*, 401 U.S. 37 (1971); *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923) ("*Rooker*"). The doctrine established by the *Rooker* and *Feldman* cases essentially holds that federal courts – other than the

Supreme Court – do not have subject matter jurisdiction over "cases brought by state-court losers [(1)] complaining of injuries caused by state court judgments rendered before the [federal] district court proceedings commenced and [(2)] inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  In its reading of the doctrine, the Eleventh Circuit has held that a federal district court "lacks jurisdiction to review, reverse, or invalidate a final state court decision." *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997).  The doctrine applies when

> (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court *or* was inextricably intertwined with the state court's judgment.

*Storck v. City of Coral Springs*, 354 F.3d 1307, 1310 n.1 (11th Cir. 2003) (emphasis added) (quotation marks & citation omitted).  "A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (quotation marks & citation omitted).

The *Rooker-Feldman* doctrine barred the District Court from hearing

Parker's claim for rescission under TILA. The same parties in this action participated in the subject state proceeding, and a Florida court granted a final judgment for foreclosure in favor of Potter against Parker. Notably, Parker – the state-court loser – first sought a restraining order in the District Court to prevent the sale of the foreclosed property over a year after the Florida court's final judgment. *See Harper v. Chase Manhattan Bank*, 138 F. App'x 130, 133 (11th Cir. 2005) (citation omitted) (unpublished) (court held federal claim under TILA inextricably intertwined with final state court judgment when plaintiff sought injunction to prevent enforcement of final state foreclosure judgment). Moreover, no record evidence suggests that Parker did not have an opportunity to raise her TILA claim in Florida or that the state court would have prevented her from so doing. *See id.* at 133 n.2 (stating that "TILA . . . claims are brought in Florida courts"). Finally, the Florida court adjudicated the underlying issue before the District Court – the legal effect of the mortgage. While Parker bases her claim on Potter's failure to provide her with the necessary notice and disclosure statements in violation of TILA, the effect of the District Court's judgment unquestioningly invalidated the state court's final judgment granting foreclosure and therefore

9

offended the *Rooker-Feldman* doctrine.[4]

## IV.  Conclusion

The Court **VACATES** the District Court's decision in *Parker III* and

**REMANDS** with instructions to **DISMISS** Parker's claim for a rescission of the

mortgage transaction under TILA.

---

[4] Because the District Court lacked subject matter jurisdiction over Parker's claim, the court need not decide whether the lower court abused its discretion in denying Parker's request for monetary compensation.