[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 27, 2010
JOHN LEY
CLERK

No. 10-12059
Non-Argument Calendar

_____

D.C. Docket No. 3:10-cv-00014-WKW-SRW

JACOB SPRINGER,
US Army (Ret.)

Plaintiff-Appellant,

versus

STEVE PERRYMAN,
Circuit Court Judge for Randolph
Co., Circuit Court,
JOHN A. TINNEY,
Attorney,
DEBORAH HILL BIGGERS,
THOMAS E. DICK,
representing State Farm Mutual Insurance Co.

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(October 27, 2010)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Jacob Springer, pro se, appeals the district court's dismissal of his civil rights complaint, filed pursuant to 42 U.S.C. § 1983, for lack of subject matter jurisdiction based upon the Rooker-Feldman doctrine.[1] Springer's § 1983 complaint arose from the denial of his premature appeal of a state circuit court's grant of a motion to enforce settlement against Springer, and named Randolph County circuit court Judge Steve Perryman, defense attorney Thomas E. Dick, and his former attorneys John A. Tinney and Deborah Hill Biggers as defendants. On appeal, Springer generally argues that the district court erred in dismissing his case because his constitutional rights were violated, the judges and attorneys involved with his case conspired to prevent his case from moving forward, he was entitled to a jury trial as secured by the Seventh Amendment, and it "was totally unfair" for his case to be compared to the Rooker-Feldman doctrine. After thorough review, we affirm.

We review "dismissals for lack of subject matter jurisdiction de novo." Nicholson v. Shafe, 558 F.3d 1266, 1270 (11th Cir. 2009). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be

---

[1] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). The party invoking federal subject matter jurisdiction bears the burden of proving its existence. See Sweat Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005).

The Rooker-Feldman doctrine provides that "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." Nicholson, 558 F.3d at 1268 (quotation omitted). In Exxon Mobil v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005), the Supreme Court cautioned against broadly construing Rooker-Feldman and held that the doctrine be confined only to "cases brought by state-court losers complaining of injuries cause by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."

Rooker-Feldman's reach extends to federal claims raised by the state-court loser that are deemed to be "inextricably intertwined" with the state court judgment. Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009). We have advanced two scenarios where a federal claim is considered inextricably intertwined with the state court judgment: (1) where the success of the federal claim would "effectively nullify" the state court judgment; and (2) where the federal claim "succeeds only to the extent that the state wrongly decided the issues." Id. (quotations omitted).

3

Here, the district court did not err in concluding that <u>Rooker-Feldman</u> barred Springer's civil rights complaint because, squarely within the language of <u>Exxon Mobil</u>, he was a state-court loser who sued in federal court to complain of injuries caused by the state-court judgment that was rendered before the filing of his federal complaint. <u>See</u> <u>Nicholson</u>, 558 F.3d at 1268, 1270. To the extent that Springer couches his complaint in terms of independent constitutional claims against the defendants, we hold that those federal claims are inextricably intertwined with the Randolph County circuit court's granting of the motion to enforce the settlement and, thus, still fell within the confines of the <u>Rooker-Feldman</u> jurisdictional bar. <u>See</u> <u>Casale</u>, 558 F.3d at 1261. Accordingly, we affirm.

**AFFIRMED.**