**Frederick S. BLUM, Plaintiff,**

v.

**GLEN GARRON, LLC,**
**et al., Defendant.**

**Case No. 9:14–CV–80858.**

United States District Court,
S.D. Florida.

Signed Sept. 30, 2014.

Entered Oct. 1, 2014.

Frederick S. Blum, Boca Raton, FL, pro se.

Tiffany Jo Eaton, Cove & Associates PA, Hollywood, FL, Naomi Massave Berry, Aaron Stenzler Weiss, Carlton Fields Jorden Burt, P.A., Miami, FL, Suzanne Victoria Delaney, Storey Law Group, P.A., Alexandra Robin Kalman, Joseph Buford Towne, Lender Legal Services, LLC, Orlando, FL, Christopher Patrick Hahn, McGinnis Wutscher Beiramee LLP, Fort Lauderdale, FL, Amber Mae Kourofsky, Albertelli Law, Gavin Stewart, Buckley Madole, P.C., Tampa, FL, for Defendant.

## OMNIBUS ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE

ROBIN L. ROSENBERG, District Judge.

This cause is before the Court on nine separate motions to dismiss filed by nine of the Defendants [1] in this case [DE 76, 77, 78, 79, 80, 81, 82, 83, and 100]. For the reasons set forth below, Plaintiff's Amended Complaint is dismissed with prejudice as to all Defendants.

Plaintiff was the defendant in a state foreclosure action initiated in January of 2010.[2] After four years of litigation, final judgment was entered against Plaintiff and a foreclosure sale was scheduled for May 12, 2014. On May 5, 2014, Plaintiff filed for chapter 13 bankruptcy and the foreclosure sale was halted. Soon thereafter, Plaintiff commenced the instant suit seeking, *inter alia,* monetary damages for Defendants' involvement in the events leading up to the foreclosure of Plaintiff's home.

In the nine pending motions to dismiss before the Court, Defendants have raised a multitude of arguments why Plaintiff's claims should be dismissed. One of Defendants' arguments is that under the *Rooker–Feldman* doctrine this Court does not have subject matter jurisdiction over Plaintiff's claims. The Court finds this argument persuasive, as more fully set forth below, and as a result the Court does not address Defendants' other arguments for dismissal.

Federal review of state-court judgments may only occur in the United States Supreme Court. 28 U.S.C. § 1257(a); *see also Figueroa v. Merscorp, Inc.,* 766 F.Supp.2d 1305 (S.D.Fla.2011)

---

1. The remaining Defendants in this case have not appeared.

2. Because of the substantial interplay of the Plaintiff's foreclosure action with the facts and circumstances of the instant case and because the foreclosure action is relevant to the Court's determination of subject matter jurisdiction, the Court takes judicial notice of the Plaintiff's foreclosure action, 502010CA003287XXXXMB, as well as Plaintiffs bankruptcy case, 14–2036–EPK. *See, e.g., United States v. Jones,* 29 F.3d 1549, 1553 (11th Cir.1994) ("[A] court may take notice of another court's order ... for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation.").

(considering a case with analogous arguments). Therefore, this Court lacks jurisdiction to review final state-court judgments. Defendants argue that Plaintiff's claims, although styled as seeking monetary relief, are in fact seeking review of Plaintiff's final state-court foreclosure judgment. The *Rooker–Feldman* doctrine encapsulates and delineates the rule that district courts may not review final state-court judgments, and the doctrine precludes review of claims that are "inextricably intertwined" with state judgments. *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir.2009). However, where a party did not have a "reasonable opportunity to raise [a] federal claim in state proceedings" the doctrine does not apply. *Id.* In such a situation, a plaintiff's claims are not considered to be inextricably intertwined with the state court judgment. *See Powell v. Powell*, 80 F.3d 464, 467 (11th Cir.1996).

Notably, the Eleventh Circuit and many district courts have applied the *Rooker–Feldman* doctrine to dismiss actions where a plaintiff was seeking, in reality, to challenge state-court foreclosure judgments. *See, e.g., Parker v. Potter*, 368 Fed.Appx. 945, 947–48 (11th Cir.2010) (rejecting under *Rooker–Feldman* a federal claim under the Truth in Lending Act that sought rescission of a state foreclosure judgment); *Velardo v. Fremont Inv. & Loan*, 298 Fed. Appx. 890, 892–93 (11th Cir.2008) (holding that appellants' federal TILA claims were inextricably intertwined with a state-court foreclosure judgment and thus barred by *Rooker–Feldman* ); *Harper v. Chase Manhattan Bank*, 138 Fed.Appx. 130, 132–33 (11th Cir.2005) (dismissing federal TILA, Fair Debt Collection Practices Act, and Equal Credit Opportunity Act claims under *Rooker–Feldman* because they were inextricably intertwined with a state-court foreclosure proceeding); *Aboyade–Cole Bey v. BankAtl.*, 2010 WL 3069102, at *2 (M.D.Fla.2010) (finding the court had no jurisdiction to hear plaintiff's case under *Rooker–Feldman* because the case was, "at its core," an attempt to revisit a state-court foreclosure judgment); *Distant v. Bayview Loan Servicing, LLC*, 2010 WL 1249129, at *3 (S.D.Fla.2010) ("Although plead as conspiracy claims ... , Plaintiff is clearly asking this Court to invalidate the state court action by ruling that the state court foreclosure judgment is somehow void. Under the *Rooker–Feldman* doctrine, [defendant] is correct that this Court lacks subject matter jurisdiction, as Plaintiff seeks a *de facto* appeal of a previously litigated state court matter."); *Figueroa*, 766 F.Supp.2d at 1320 (collecting and discussing the cases cited above).

■ Here, Plaintiff has filed claims under the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act as well as claims for breach of contract, tortious interference with a business relationship, negligence, and fraud. Each of Plaintiff's claims has a connection with Plaintiff's mortgage and subsequent foreclosure. Plaintiff's FDCPA claim and FCCPA claim are essentially raised against individuals who sought to foreclose upon Plaintiff's home. Plaintiff's breach of contract claim is based upon the promissory note underlying Plaintiff's former mortgage. Plaintiff's tortious business interference claim is raised against Defendants for interfering with Plaintiff's relationship with his mortgage originator. Plaintiff's negligence claim is asserted against Defendants for their negligent possession and control over Plaintiff's mortgage documentation. Finally, Plaintiff's fraud claim asserts Plaintiff was deceived into entering into his mortgage.

After reviewing Plaintiff's claims in the context of Plaintiff's allegations, the Court finds that Plaintiff's contention is in essence that the state foreclosure was im-

properly granted. In his Amended Complaint, the Plaintiff alleges, *inter alia,* that the "Defendant(s) have conspired and committed fraud in order to wrongfully foreclose" (Amended Complaint at ¶ 21); "that Defendant(s) have created and caused fraudulent documents to be filed into the public records and into the state court" (Amended Complaint at ¶ 23); that "the debt at issue was allegedly incurred on a note and secured by a mortgage, the latter is null and void and secures the former" (Amended Complaint at ¶ 25); the mortgage and promissory note in effect were fraudulently recorded in Palm Beach County's public records (Amended Complaint at ¶ 31); the Defendant(s) did not possess an enforceable promissory note (Amended Complaint at ¶ 31); and "that he was defrauded and misled by the Defendant(s) and that they used predatory lending practices to lure him into keeping the loan" (Amended Complaint at ¶ 33). As a consequence of all of this alleged behavior, the Plaintiff claims to have lost his home. (Amended Complaint at ¶ 111).

There are no procedural bars to application of the *Rooker–Feldman* doctrine to this case as this case was filed subsequent to Plaintiff's final state court judgment. *See Exxon Mobil Corp v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Plaintiff essentially seeks damages that stemmed from the loss of his home. The only way Plaintiff could have been damaged was if the loss of his home was wrongful. By entering judgment in favor of foreclosure, the state court has determined that foreclosure was proper. Were judgment to be entered in this case in favor of Plaintiff, it would necessarily follow that the state court foreclosure was in error and, as a result, this Court cannot grant Plaintiff his requested relief without disturbing the Florida foreclosure judgment. *See, e.g., Swiatkowski v. Citibank,* 745 F.Supp.2d

150 (E.D.N.Y.2010). It is for state appellate courts and the United States Supreme Court to tell state courts that they are wrong. *See Figueroa v. Merscorp, Inc.,* 766 F.Supp.2d 1305, 1324 (S.D.Fla.2011). To the extent Plaintiff seeks monetary damages and does not seek to overturn the state court foreclosure judgment, this has no bearing on the Court's decision as damages would only be available where there was a wrongful foreclosure. *See, e.g., Rene v. Citibank,* 32 F.Supp.2d 539, 543 (E.D.N.Y.1999). Finally, the Court finds that Plaintiff did have reasonable opportunity to raise his federal claim in his state court proceeding. *See Casale v. Tillman,* 558 F.3d 1258, 1260 (11th Cir.2009) For the foregoing reasons, the Court finds that Plaintiff's claims are inextricably intertwined with Plaintiff's final state court foreclosure judgment and, as a result, the Court finds that it does not have subject matter jurisdiction over Plaintiff's claims. Accordingly, it is **ORDERED AND ADJUDGED:**

1. Plaintiff's Amended Complaint [65] is **DISMISSED WITH PREJUDICE.**

2. All other pending motions are **DENIED AS MOOT.**

3. All pending deadlines and hearings are **TERMINATED.**

4. The Clerk of the Court is directed to **CLOSE THIS CASE.**