ROY B. DALTON JR., United States District Judge
Before the Court is Defendant Estates at Aloma Woods Homeowners Association, Inc.'s ("Association ") Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. 81 ("12(c) Motion ").) Plaintiffs Deborah L. and Kevin John Gallaher (collectively, "Gallahers ") failed to respond. On review, the Court finds that the Motion is due to be granted in part and denied in part.
*1361 I. BACKGROUND
This case stems from a state foreclosure action initiated by Deutsche Bank National Trust Company ("Deutsche Bank ") related to a mortgage on the Gallahers' residential property ("Foreclosure Action ").[1] (See Doc. 64, ¶ 2.) Following a failed mortgage mitigation process, Deutsche Bank completed foreclosure. (See id. ¶¶ 12-13, 43.) The Gallahers then objected to the foreclosure sale, which the trial court overruled, and they appealed to Florida's Fifth District Court of Appeal. (See Doc. 38.) The appellate court dismissed the appeal on December 27, 2017. See Gallaher v. Deutsche Bank Nat'l Trust Co. , No. 5D17-3591, Doc. 142 (Fla. 5th DCA Nov. 13, 2017).[2]
In the interim, the Gallahers initiated this action in state court, asserting several federal and state-law claims against Deutsche Bank, its loan servicers-Shellpoint Mortgage Servicing ("Shellpoint ") and Select Portfolio Servicing, Inc. ("Select ")-and the Association on December 7, 2017. (See Doc. 2 ("Initial Complaint ").) Invoking the Court's federal question and supplemental jurisdiction, Deutsche Bank, Shellpoint, and Select removed the action here on January 8, 2018. (See Doc. 1.) Following removal, all Defendants answered the Initial Complaint, and the Association brought a counterclaim against Mr. Gallaher for unpaid statutory assessments, interest, and attorney's fees under Florida law. (See Doc. 14, ¶¶ 17-28.) Because Mr. Gallaher failed to respond to the counterclaim, the Association moved for entry of default (Doc. 29), and a Clerk's default was entered on February 27, 2018 (Docs. 31, 33). To date, the Association has not moved for entry of default judgment.
Despite their failure to respond to the Association's counterclaim, the Gallahers sought leave to amend their pleading, which the Court granted. (See Docs. 46, 61.) In their Amended Complaint, the Gallahers assert the same claims against Deutsche Bank, Shellpoint, and Select and include additional claims against the Association. (Doc. 64.) Thereafter, Plaintiffs settled their claims with Deutsche Bank, Shellpoint, and Select and moved the Court to drop these Defendants as parties, which the Court granted. (Docs. 85, 92.)
Now, the Association remains the only Defendant. (See id. ) Against it, the Gallahers bring claims for: (1) violating the Florida Consumer Collection Practices Act ("FCCPA ") ("Count 5 "); (2) violating the Federal Debt Collection Practices Act ("FDCPA ") ("Count 6 "); (3) tortious interference with a contract ("Count 7 "); and (4) intentional infliction of emotional distress ("Count 8 "). (Doc. 64, ¶¶ 62-88.) The Association answered the Amended Complaint (Doc. 73) and filed the 12(c) Motion (Doc. 81).[3] Despite the opportunity, the Gallahers failed to respond, and the 12(c) Motion is now ripe.
II. LEGAL STANDARDS
Rule 12(c) provides that "[a]fter the pleadings are closed ... a party may *1362 move for judgment on the pleadings." A court may grant a 12(c) motion when "there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Cannon v. City of W. Palm Beach , 250 F.3d 1299, 1301 (11th Cir. 2001) (citations omitted). In ruling on such a motion, a court accepts as true all material facts alleged in the non-moving party's pleading and views those facts in the light most favorable to the non-moving party. See Perez v. Wells Fargo N.A. , 774 F.3d 1329, 1335 (11th Cir. 2014) (citing Hawthorne v. Mac Adjustment, Inc. , 140 F.3d 1367, 1370 (11th Cir. 1998) ). When a 12(c) motion alleges that the complaint fails to state a claim, it is evaluated under the Rule 12(b)(6) standard for failure to state a claim. See Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp. , 305 F.3d 1293, 1295 n.8 (11th Cir. 2002) (noting that when the issue is plaintiff's failure to state a claim, the standard under 12(c) and 12(b)(6) are identical).
III. ANALYSIS
As it stands, the Gallahers have a single federal claim over which the Court has original jurisdiction-the FDCPA claim. (See Doc. 64, ¶¶ 77-88.) This is significant because where a "district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over" the remaining state-law claims. See 28 U.S.C. § 1367(c). Because the Court's decision to exercise its discretion depends on the success of the FDCPA claim, the Court begins there.
A. Subject Matter Jurisdiction
The Association first attacks the Court's subject matter jurisdiction over the FDCPA claim under the Rooker - Feldman doctrine.[4] Under that doctrine, federal district courts lack jurisdiction to hear appeals from final state-court judgments. See Nicholson v. Shafe , 558 F.3d 1266, 1268 (11th Cir. 2009). To that end, the Rooker - Feldman doctrine precludes review of claims that were raised in state court and those "inextricably intertwined" with that state-court judgment. Casale v. Tillman , 558 F.3d 1258, 1260 (11th Cir. 2009). A federal claim is inextricably interviewed with a state-court judgment where: (1) the success of the federal claim would "effectively nullify" the state-court judgment; and (2) the federal claim "succeeds only to the extent that the state wrongly decided the issues." Springer v. Perryman , 401 F. App'x 457, 458 (11th Cir. 2010)[5] (per curiam) (quoting Casale , 558 F.3d at 1260 ). The mere existence of a final state-court judgment will not preclude review of independent claims relating to that judgment. Exxon Mobil Corp. v. Saudi Basic Indus. Corp. , 544 U.S. 280, 292, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Rather, the doctrine precludes a district court's exercise of subject matter jurisdiction only where it is called on to overturn an injurious state-court judgment. Id. at 291-92, 125 S.Ct. 1517.
Although FDCPA claims are generally subject to the constraints of the Rooker - Feldman doctrine, see Harper v. Chase Manhattan Bank , 138 F. App'x 130, 132-33 (11th Cir. 2005), not all FDCPA claims are the same. Where, as here, a *1363 plaintiff seeks to hold a defendant liable for FDCPA violations related to collection efforts, the Rooker - Feldman doctrine does not bar district court review. See e.g., Collins v. Erin Capital Mgmt., LLC , 991 F.Supp.2d 1195, 1203 (S.D. Fla. 2013) (collecting cases).
Contrary to the Association's argument (see Doc. 81, ¶¶ 9-14), the Gallahers do not ask the Court to invalidate or reject the state-court judgment concerning debt owed to the Association . Indeed, the Gallahers do not deny owing a debt to the Association. (See Doc. 64, ¶ 82.) Instead, they complain of the steps the Association took in its attempt to collect the "weekly payments." (Id. ¶¶ 82, 83.) Because resolution of whether the Association has transgressed the FDCPA is not contingent on review or invalidation of the Foreclosure Action's judgment, the Rooker - Feldman doctrine is not implicated. See, e.g. , Solis v. Client Servs., Inc. , No. 11-23798-CIV, 2013 WL 28377, at *4-*5 (S.D. Fla. Jan. 2, 2013) (rejecting application of Rooker - Feldman doctrine where alleged violation of § 1692e(2) did not depend on the validity of the debt owed from a prior state court judgment). Accordingly, the Court exercises subject matter jurisdiction over the FDCPA claim. With this, the Court turns to the merits.
B. Federal Claim
In a single count, the Gallahers allege that the Association contravened the FDCPA by violating: (1) § 1692e through false representation; (2) § 1692f through engaging in unfair practices; and (3) § 1692j(a) through furnishing deceptive forms. (Doc. 64, ¶ 78.) The Association seeks judgment arguing that the Amended Complaint fails to state an FDCPA claim under any provision. (See Doc. 81, ¶¶ 25-32.) The Court agrees with the Association.
To plead a plausible violation of §§ 1692e and 1692f, a plaintiff must allege, among other things, that the defendant is a debt collector. See Pinson v. JP Morgan Chase Bank, Nat'l. Ass'n , 646 F. App'x 812, 814 (11th Cir. 2016) (citing Reese v. Ellis, Painter, Ratterree & Adams LLP , 678 F.3d 1211, 1216 (11th Cir. 2012) ). Under the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another ." 15 U.S.C § 1692(a)(6) (emphasis added).[6] This does not include creditors-a person collecting or attempting to collect a debt "originated by such person." Id. § 1692a(6)(F)(ii). Thus, creditors are generally not subject to liability under the FDCPA. See Davidson v. Capital One Bank (USA), N.A. , 797 F.3d 1309, 1313 (11th Cir. 2015) ; Meads v. Citicorp Credit Servs., Inc. , 686 F.Supp. 330, 333 (S.D. Ga. 1988).
Stripped down to its studs, the FDCPA claim rests on the Gallahers' remittance of "weekly payments beginning in 2017" to the Association, which the Association returned without explanation. (Doc. 64, ¶¶ 82, 83.) From this, the Court cannot see how these "weekly payments" were owed to anyone other than the Association. Rather, this confirms that the Association was collecting its own debt. (See id. ) As the entity "to whom a debt is owed," the Association *1364 constitutes a creditor, and thus not subject to the FDCPA. See 15 U.S.C. § 1692a(4) ; Davidson , 797 F.3d at 1313 ; see also Helman v. Bank of Am. , 685 F. App'x 723, 726 (11th Cir. 2017) ("As the originator ... the Bank is plainly not subject to the provisions of the FDCPA."). Because the Gallahers fail to allege that the Association is a debt collector under the FDCPA, their claim fails to the extent it is based on a violation of §§ 1692e and 1692f.
The Gallahers also allege that the Association violated the FDCPA under 15 U.S.C. § 1692j(a). (Doc. 64, ¶ 78.) Known as "flat rating," § 1692j(a) makes it unlawful for any person to "design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating." 15 U.S.C. § 1692j(a) ; see also Sobers v. Caliber Home Loans, Inc. , No. 1:16-cv-335-WSD, 2017 WL 443651, at *4 (N.D. Ga. Feb. 2, 2017) (explaining flat rating).
Unlike the other two provisions invoked, this statutory violation does not require the Association to be a debt collector. 15 U.S.C. § 1692j(b). Even so, the Gallahers' reliance on this provision is misplaced. The Amended Complaint fails to allege facts to support an inference that the Association designed, created, or furnished any form that would give the Gallahers the impression that anyone other than the Association was collecting or attempting to collect the weekly payments. Thus, this claimed violation of § 1692j(a) also fails. See, e.g., Sobers , 2017 WL 443651, at *4 (adopting report and recommendation dismissing FDCPA claim based on § 1692j(a) violation where the complaint failed to plead sufficient facts suggesting the defendant engaged in flat rating). As the Gallahers have failed to bring the Association within the ambit of the FDCPA, the 12(c) Motion is due to be granted on that claim.
C. Remaining State-Law Claims
What remains then are the Gallahers' state-law claims against the Association for violating the FCCPA, tortious interference with a contract, and intentional infliction of emotional distress (Doc. 64, ¶¶ 62-76, 89-107) and the Association's state-law counterclaim against Mr. Gallaher (Doc. 14, ¶¶ 17-28). Having disposed of the only federal claim over which it had original jurisdiction, the Court declines to exercise supplemental jurisdiction over these remaining claims under § 1367(c)(3). See, e.g., Novak v. Cobb Cty.-Kennestone Hosp. Auth. , 849 F.Supp. 1559, 1580 (N.D. Ga. 1994) (applying § 1367(c)(3) to remaining state-law claims after granting defendants' summary judgment motions on the plaintiff's federal claims). Accordingly, the Court remands Counts 5, 7, and 8 of the Amended Complaint and the Association's counterclaim to state court. See Myers v. Cent. Fla. Invs., Inc. , 592 F.3d 1201, 1206 (11th Cir. 2010) ("[F]ederal district courts in removal cases must remand, rather than dismiss, state claims over which they decline to exercise supplemental jurisdiction.").
IV. CONCLUSION
Accordingly, it is ORDERED AND ADJUDGED as follows:
1. Defendant's Motion for Judgment on the Pleadings (Doc. 81) is GRANTED IN PART AND DENIED IN PART .
a. The Clerk is DIRECTED to enter judgment in favor of Defendant Estates at Aloma Woods Homeowners Association, Inc. and against Plaintiffs Deborah L. and Kevin J. Gallaher as to Count 6 of *1365 the Amended Complaint (Doc. 64, ¶¶ 77-88).
b. In all other respects, the 12(c) Motion is denied.
2. Plaintiffs' claims against the Association set forth in Counts 5, 7, and 8 of the Amended Complaint (Doc. 64, ¶¶ 62-76, 89-107) and the Association's counterclaim (Doc. 14, ¶¶ 17-28) are REMANDED to the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida.
3. The Clerk is DIRECTED to close the file.
DONE AND ORDERED in Chambers in Orlando, Florida, on July 13, 2018.

See Deutsche Bank Nat. Trust Co. v. Gallaher et al. , No. 59-2011-CA-003269 (Fla. Seminole County Ct. Sept. 1, 2011).

The Court takes judicial notice of the state court filings, not for the truth of the matters asserted therein, but for the limited purpose of "establish[ing] the fact of such litigation and related filings." See United States v. Jones , 29 F.3d 1549, 1553 (11th Cir. 1994) (citations omitted).

The Association confusingly seeks judgment as to all claims in the Amended Complaint (see Doc. 81, p. 14) even though it admits in its Answer that Counts 1-4 are not asserted against it. (See Doc. 73, ¶¶ 4-7; see also Doc. 64, ¶¶ 23-61). With the dismissal of the other Defendants (see Doc. 92), those claims are no longer part of this action.

The doctrine has its origins in two U.S. Supreme Court cases. See D.C. Court of Appeals v. Feldman , 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) ; Rooker v. Fidelity Trust Co. , 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

"Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." Bonilla v. Baker Concrete Const., Inc. , 487 F.3d 1340, 1345 (11th Cir. 2007).

The FDCPA defines debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes[.]" 15 U.S.C. § 1692(a)(5). The Association does not challenge that the "weekly payments" are "debt" for FDCPA purposes. (See Doc. 81.)