David and Kathy **RITER**, individually and on behalf of all others similarly situated, Plaintiff,

v.

**MOSS & BLOOMBERG, LTD.**, an Illinois Professional Corporation, Defendant.

No. 96 C 2001.

United States District Court,
N.D. Illinois,
Eastern Division.

June 24, 1996.

---

James S. Shedden, David J. Philipps, Catherine Lee Gemrich, Michael S. Hilicki, Beeler, Schad & Diamond, P.C., Chicago, IL, for David Riter, Kathy Riter.

Daniel Francis Konicek, Connelly, Mustes, Palmer & Schroeder, Geneva, IL, for Moss & Bloomberg, Ltd.

## OPINION AND ORDER

NORGLE, District Judge:

Before the court is Defendant Moss & Bloomberg's ("Defendant") Motion to Dismiss the Complaint of Plaintiffs David and Kathy Riter ("Riters"). The only issue relevant to this motion is whether condominium association fees are "debt" for purposes of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–16920 (1988 & Supp. V) ("FDCPA").

The Riters filed their Complaint alleging that Defendant violated certain provisions of the FDCPA in the process of collecting condominium fees. The Riters assert that this court has subject matter jurisdiction over their claim pursuant to § 1692(k)(d) of the FDCPA. Defendants move under Federal Rule of Civil Procedure 12(h)(3), arguing that the court lacks such jurisdiction.

Congress created the FDCPA to protect consumers from unfair, deceptive, and harassing debt collection practices. 15 U.S.C. § 1629(e). However, this protection extends only to "debt" as defined by the FDCPA. That is:

Any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . .

15 U.S.C. § 1692(a)(5).

Other courts in this district have had occasion to interpret this definition of debt. Debt

requires the offer or extension of credit to a consumer; an offer or extension of credit is a contractual transaction in which a consumer is offered or extended the right to acquire money, property, insurance, or services that are primarily for household purposes in which the consumer is permitted to defer payment.

*Perez v. Slutsky,* No. 94 C 6137, 1994 WL 698519, at * 2 (N.D.Ill. Dec. 12, 1994).

In *Vosatka v. Wolin–Levin, Inc.,* No. 94 C 4129, 1995 WL 443950 (N.D.Ill. July 21, 1995), another court in this district addressed the exact issue presented by the instant case, i.e., whether condominium fees are "debt" within the definition of the FDCPA. The *Vosatka* court determined that they are not. The *Vosatka* court found that a condominium fee does not arise from a transaction, which is "an offer or extension of the right to acquire household-related property or services and to 'defer payment' for them." *Id.* at * 3 (citing *Zimmerman v. HBO Affiliate Group,* 834 F.2d 1163, 1168–69 (3d Cir.1987)). A "transaction" occurs when one is given the opportunity to use a commodity or service now, and to pay later. *Id.* The deferred payments are "debt." *Id.* The *Vosatka* court found that a condominium fee, or assessment, works in reverse fashion by definition: payments are due prior to the time when communal goods and services are provided. *Id.* Thus, there is no extension of credit.

In addition, like taxes, condominium fees operate to provide communal goods and services which only indirectly benefit the payer. *Id.* at * 4. This remote benefit also suggests that condominium fees do not qualify as FDCPA debts. *Id.* Hence, the *Vosatka* court found that it lacked subject matter jurisdiction.

Other district courts have also found that condominium fees are not FDCPA debts.

See *Azar v. Hayter*, 874 F.Supp. 1314 (N.D.Fla.), *aff'd Azar v. Hayter*, 66 F.3d 342 (11th Cir.1995) (holding that condominium fees are not debt because the sums do not reflect deferred payments on prior benefits); *Archer v. Beasley*, No. 90–2576(CSF), 1991 WL 34889 (D.N.J. Mar. 5, 1991) (finding that condominium fees are not debt because they do not involve the extension of credit).

In response to Defendant's motion, the Riters argue that *Vosatka, Azar,* and *Archer* all base their holdings on the incorrect determination that the FDCPA requires an extension of credit. Citing *Black's Law Dictionary*, the Riters state that a transaction is an agreement which alters the legal relationship between parties, rather than an extension of credit. As such, the Riters contend that Congress did not intend to require the extension of credit when it sought to protect consumer "transactions" which benefit personal, family, or household purposes. Although this argument is not entirely unsound, the court declines to rely on *Black's Law Dictionary* for purposes of holding contrary to the trend in district courts.

The Riters also cite to an appellate case which found that debt for bankruptcy purposes includes condominium fees. *See Matter of Rosteck*, 899 F.2d 694, 696–97 (7th Cir.1990). "The court is neither required to disregard the definition from another statute, nor accept it as the one intended by Congress" for purposes of a second statute. *Davis v. Coler*, 601 F.Supp. 444, 451 (N.D.Ill. 1984), *aff'd Watkins v. Blinzinger*, 789 F.2d 474 (7th Cir.1986). Given the numerous distinctions between the purposes and operations of the bankruptcy and FDCPA statutes, the court declines to carry the bankruptcy definition of debt into the FDCPA.

Finally, the Riters cite to a Federal Trade Commission commentary which states that condominium fees are debts under the FDCPA. *See* Federal Trade Commission's Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed.Reg. 50097, 50102 (1988). Unfortunately, this commentary does not address the subsequent case law on this issue, and the court does not find it sufficiently persuasive.

In the instant case, the Riters attempt to state an FDCPA claim based on the collection of condominium fees. Although the Riters have raised good faith arguments in support of their disagreement with the relevant case law, their arguments have not persuaded the court to extend the protection of the FDCPA beyond that already recognized by other courts. Accordingly, this court also finds that condominium fees are not "debt" within the meaning of the FDCPA. As such, Defendant's motion to dismiss is granted.

IT IS SO ORDERED.