PER CURIAM.
The appellant was serving probation on a grand theft committed in 1991 when he violated his probation by committing another grand theft on January 22, 1995. He pleaded to both the violation of probation and the grand theft, and the court imposed two concurrent four-year terms of imprisonment. He challenges only the four-year sentence imposed for the 1995 offense.
On the separate scoresheet prepared for the 1995 offense, the points totaled less than forty. Thus, according to the guidelines enacted for 1994, the court may not impose a state prison sentence. As the state concedes, error occurred when the trial court failed to impose the sentence recommended under the 1994 guidelines for the 1995 offense. See § 921.001(4)(b)l-2, Fla. Stat. (Supp.1994) (1994 guidelines apply to sentencing for all non-capital felonies committed on or after January 1, 1994); Allen v. State, 664 So.2d 4 (Fla. 3d DCA 1995) (two score-sheets must be used at sentencing involving offenses committed both before January 1, 1994, and on or after January 1, 1994); Heath v. State, 656 So.2d 527 (Fla. 1st DCA 1995) (same); Wood v. State, 655 So.2d 212 (Fla. 5th DCA 1995) (same).
We reverse the appellant’s sentence in the circuit court case no. 95-0058 and remand for the trial court to impose a sentence within the 1994 guidelines.
Convictions affirmed; sentence reversed and remanded.
FRANK, A.C.J., and LAZZARA and NORTHCUTT, JJ., concur.