698 So.2d 1236 (1997)
Kevin E. BRYAN and Renee M. Bryan, Appellants,
v.
Kenneth M. CLAYTON, et al., Appellees.
No. 96-2406.
District Court of Appeal of Florida, Fifth District.
May 9, 1997.
Order Denying Stay September 12, 1997.
*1237 Kenneth L. Mann and Stephen H. Price of Trickel, Leigh & Mann, P.A., Orlando, for Appellants.
Kenneth M. Clayton and James E. Olsen of Clayton & McCulloh, Orlando, for Appellees.
PER CURIAM.
In this appeal we are asked to decide whether maintenance assessments owed to the appellants' homeowner's association are "debts" for purposes of the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act. We conclude that they are not and affirm the decision below.
Appellants urge that we should simply adopt the "plain meaning" of the "crystal clear" language of the act[1] to determine that a homeowner's maintenance assessment is a debt. This we cannot do because the statute has no plain meaning and its intent is anything but crystal clear. It appears that the federal courts that have addressed the question of the application of this legislation to homeowner's and condominium maintenance assessments have concluded that this legislation does not embrace assessments of property owners for the mutual maintenance of the commonly held areas of the community. Riter v. Moss & Bloomberg, Ltd., 932 F.Supp. 210 (N.D.Ill.1996); Azar v. Hayter, 874 F.Supp. 1314 (N.D.Fla.), affirmed, 66 F.3d 342 (11th Cir.1995), cert. denied, ___ U.S. ___, 116 S.Ct. 712, 133 L.Ed.2d 666 (1996); Vosatka v. Wolin-Levin, Inc., No. 94-C-4129, 1995 WL 443950 (N.D.Ill. July 21, 1995); Nance v. Petty, Livingston, Dawson & Devening, 881 F.Supp. 223 (W.D.Va. 1994); Archer v. Beasley, No. 90-2576(CSF), 1991 WL 34889 (D.N.J. Mar.5, 1991). We agree that such assessments are not consumer "debts" within the purview of this legislation.
AFFIRMED.
COBB, W. SHARP and GRIFFIN, JJ., concur.

ON MOTION TO STAY OR RECALL MANDATE
PER CURIAM.
Appellants have vigorously and effectively prosecuted their appeal of the decision of the lower tribunal denying them a cause of action under the federal and state fair debt collection practices acts. As is apparent from the recent decision of the United States Court of Appeals for the Seventh Circuit, Newman v. Boehm, Pearlstein & Bright, Ltd., 119 F.3d 477 (7th Cir.1997), the issue presented is a difficult one. The federal courts are groping for a principled, logical and consistent interpretation of a statute that is poorly drafted and whose true scope appears hopelessly lost in its circular definitional scheme.
After our review of the Newman decision, we decline to recall our mandate and reconsider our prior affirmance. Although part of the text of our opinion might have been different had this court had the benefit of the decision of the learned panel of the federal appeals court, our decision to affirm would not have been different. Rejection of the "extension of credit" analysis of Zimmerman v. HBO Affiliate Group, 834 F.2d 1163 (3d Cir.1987) does not dictate the conclusion that the assessment of the owner of a condominium unit for his pro rata share of the costs of maintenance of the common elements and other common costs of condominium unit ownership is a "consumer" "debt." We have concluded, contrary to the Newman panel, that the purchase of a condominium unit is *1238 not a "consumer" "transaction" and we are dubious that the question whether an association assessment is a "consumer debt" subject to the Fair Debt Collection Practices Act turns on whether the unit was originally purchased for "personal, family or household" purposes. Appellants' motion to stay or recall mandate is denied.
GRIFFIN, C.J., and COBB and W. SHARP, JJ., concur.
NOTES
[1] Debt is defined in 15 U.S.C. § 1692a(5) as follows:

The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.
The act also defines "consumer" in the following manner:
The term "consumer" means any natural person obligated or allegedly obligated to pay any debt.
15 U.S.C. § 1692a(3).