713 So.2d 1109 (1998)
Jonathan C. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-01943.
District Court of Appeal of Florida, Second District.
July 24, 1998.
James Marion Moorman, Public Defender and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee and Wendy Buffington, Assistant Attorney General, Tampa, for Appellee.
FRANK, Acting Chief Judge.
Jonathan Williams claims that the trial court should have granted his motion for judgment of acquittal. We agree and reverse because the evidence was insufficient to identify him as the perpetrator.
Two armed men wearing masks robbed a bank in Tampa on February 23, 1995. Money was taken from the bank, a teller, and a customer. The State attempted to prove at trial that Williams was the taller of the two suspects. Not one witness, however, positively identified Williams. The bank manager picked Williams' picture from a photopack but admitted that he did not see the robber's full face, that he picked the picture based upon skin tone, and that he was merely "guessing" when he chose that photograph. The bank teller and a customer could not identify anybody. The assistant manager believed that the perpetrator's eyes were similar to those in Williams' photograph, but he felt the skin tone was wrong. A bank employee picked an unidentified picture based *1110 upon head size, but she admitted that she never saw the robber's face and that she was not saying that Williams actually robbed the bank.
The State's best evidence against Williams was a sweater found two months after the robbery in the trunk of a car that was never conclusively linked to Williams. Vague testimony tied Williams to a black car, but not necessarily to the 1978 Oldsmobile in which the sweater was found. Even if the trial court properly admitted the testimony of an FBI agent concerning tests he had performed to demonstrate that the sweater found in the car was indeed the sweater worn by the bank robber, substantial questions remained concerning when the sweater was put in the car, who had access to the car, who owned the sweater, and whether the sweater fit Williams. Without pyramiding inference upon inference, it is impossible to conclude from the evidence presented by the State that Williams committed this bank robbery.
It is well-settled that when an offense can be proven only by the pyramiding of inferences, the conviction must be reversed. See Collins v. State, 438 So.2d 1036 (Fla. 2d DCA 1983). The State failed to present evidence from which the jury could exclude every reasonable hypothesis except that of guilt. See State v. Law, 559 So.2d 187 (Fla. 1989).
Moreover, we specifically find that Williams' motion for judgment of acquittal was sufficient to preserve the issue we have reviewed. Apparently ready to deny the motion even before it was made, the trial court preempted Williams' attorney and made the motion for him, denying it on grounds of sufficiency of the evidence and tacitly making clear that further discussion would be fruitless. Accordingly, this motion, which might in other contexts be insufficient, was adequate in this case. See R.S. v. State, 639 So.2d 130 (Fla. 2d DCA 1994).
Convictions reversed.
BLUE, J., and LENDERMAN, JOHN C., Associate Judge, concur.