PER CURIAM.
James Fay was found guilty of indirect criminal contempt for violating a March 17, 1999 injunction for protection against domestic violence which required him to surrender any firearms that he possessed. The sole issue for our consideration is the sufficiency of the evidence to support denial of his motion for judgment of acquittal. The state relied completely on circumstantial evidence. Fay argues that although the evidence created a strong suspicion that he violated the injunction, it was not sufficient to rebut his reasonable hypothesis of innocence. We agree and reverse his conviction.
To overcome a defendant’s motion for judgment of acquittal in a case based entirely on circumstantial evidence, the state has the burden of presenting evidence from which the jury, or finder of fact,[1] can exclude every reasonable hypothesis except that of guilt. Martin v. State, 728 So.2d 775, 776 (Fla. 4th DCA 1999); State v. Law, 559 So.2d 187, 188 (Fla.1989). Whether the evidence fails to exclude all reasonable hypotheses of innocence is a question for the jury. Law, 559 So.2d at 189. The appellate court will not reverse where there is substantial competent evidence, viewed in the light most favorable to the state, to support the jury verdict. Law, 559 So.2d at 188.
We hold that the evidence introduced in the state’s case did not rebut Fay’s reasonable hypothesis of innocence. The state was required to prove Fay willfully violated the injunction. State v. Johnson, 676 So.2d 408, 411 (Fla.1996). However, the state only showed that Fay owned a firearm in 1996. It offered no evidence which suggested that he possessed the firearm after the injunction was issued. Thus, the state inferred that Fay willfully violated the injunction based solely on the fact that he possessed a firearm more than two years earlier. This was an impermissible pyramiding of inferences. See Williams v. State, 713 So.2d 1109, 1110 (Fla. 2d DCA 1998)(holding a conviction must be reversed when an offense can be proven only by the pyramiding of inferences). Therefore, we hold the state failed to meet its burden of proof and the trial court should have granted the motion for judgment of acquittal at the close of the state’s case. Accordingly, we reverse with instructions to discharge the defendant as to this alleged violation.
REVERSED.
DELL, POLEN and GROSS, JJ., concur.

. In an indirect criminal contempt trial, the judge is the finder of fact. We hold the same standards apply.