[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10560
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 28, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:09-cv-00458-AEP

ERIC BEEDERS,

Plaintiff - Appellant,

versus

GULF COAST COLLECTION BUREAU, INC.,

Defendant - Appellee,

ROY DILLARD,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 28, 2011)

Before BARKETT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Eric Beeders appeals from an adverse final judgment, entered after a bench trial, on his complaint against Gulf Coast Collection Bureau, Inc. ("Gulf Coast"), alleging violations of the Fair Debt Collection Practices Act, (FDCPA), Title 15 U.S.C. § 1692, and the Florida Consumer Collection Practices Act (FCCPA), Florida Statutes Chapter 559. The alleged violations related to separate telephone calls that Gulf Coast made to Beeders in an attempt to collect a debt. Each of the telephone calls utilized the identical or nearly identical voice mail message, the content of which is not a matter of factual dispute. The transcribed message stated as follows:

> This message is intended for Eric H. Beeders. If you are not Eric H. Beeders please hang up or disconnect. If you are Eric H. Beeders please continue to listen to this message. By continuing to listen to this message you acknowledge that you are Eric H. Beeders. Please return this call to Roy Dillard from Gulf Coast Collection Bureau. Please call 877-827-4820 and ask for file number G31852.

On appeal, Beeders argues that this message failed to comply with the applicable consumer protection regulations because it did not adequately satisfy the disclosure requirement in that it did not identify the nature of the calling company's business, the fact that the caller was a debt collector, and the fact that the call was being made with respect to collection of a debt.

We find no clear error in the district court's determination that, taking this

message as a whole, even an unsophisticated consumer would not be misled as to the purpose of this call, as the message identified the name of the caller, which includes the term "Collection Bureau," and specifically referenced a personal file number. Accordingly, we find no reversible error in the district court's conclusion that Gulf Coast satisfied the disclosure requirements of the FDCPA.[1]

**AFFIRMED.**

---

[1] Because we find no error in the district court's determination that Gulf Coast satisfied the disclosure requirements of the FDCPA, we need not address Beeders' argument that the failure to comply with these requirements constitutes a *per se* violation of the FCCPA. Accordingly, we also affirm the district court's grant of summary judgment to Gulf Coast on Beeders' claims for violation of the FCCPA.