PER CURIAM.
Melissa Read seeks review of the judgment on the pleadings entered in favor of MFP, Inc., d/b/a Financial Credit Services, in this action seeking damages under the Florida Consumer Collections Practices Act, §§ 559.55-.785, Fla. Stat. (2010) (FCCPA). Because Read has not stated and cannot state a valid claim under the FCCPA, we affirm.
In her complaint against MFP, Read alleged that MFP left two messages on her answering machine. The first message stated:
*1153 Message is for Melissa Read. Please contact Pam. 727-462-9711 extension 515. This is regarding a very important matter and our office will be open til six.
The second message stated:
This message is for Melissa Read. Please contact Corey at 727-449-0505, extension is 510, for a very important personal business matter, not a sales call, and our office is open today til six. Thank you.
Neither of these messages identified the caller as MFP nor did either indicate that the calls were part of an attempt to collect a debt by a consumer debt collector.
Read’s complaint alleged that MFP violated the FCCPA when it left these messages because it failed to provide meaningful disclosure of the caller’s identity. She asserted that this constituted a violation of section 559.72(7), which prohibits a consumer debt collector from engaging in “conduct which can reasonably be expected to abuse or harass the debtor.” Alternatively, Read alleged that MFP’s messages violated section 559.72(9), which prohibits a consumer debt collector from attempting to collect a debt when the debt is not legitimate or from “asserting] the existence of some other legal right when such person knows that the right does not exist.”
The trial court concluded that MFP was not required to affirmatively disclose its identity under any provision of the FCCPA and that neither of MFP’s messages asserted the existence of any legal right that did not exist. Based on these conclusions, it entered judgment on the pleadings in favor of MFP. Read now seeks review of that ruling.
In Florida, consumer debt collection practices are regulated by both the FCCPA and the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (FDCPA). Both acts generally apply to the same types of conduct, and Florida courts must give “great weight” to federal interpretations of the FDCPA when interpreting and applying the FCCPA. § 559.77(5). However, the FDCPA and the FCCPA are not identical, and a violation of one act does not automatically constitute a violation of the other. See Beeders v. Gulf Coast Collection Bureau, Inc., No. 8:09-cv-00458-EAK-AEP, 2010 WL 2696404, at *6 (M.D.Fla. July 6, 2010) (holding that “[t]here are intentional differences between the FDCPA and FCCPA, and a violation of the federal statute does not automatically constitute a violation of the state statute in situations where the FCCPA is distinguishable”), ajfd, 432 Fed.Appx. 918 (11th Cir.2011). Because the provisions of the two acts are not fungible, a consumer seeking to recover damages under either the FDCPA or the FCCPA must allege and prove a violation of the provisions of the act actually sued upon.
In this case, Read contends that MFP violated the FCCPA by failing to provide meaningful disclosure of its identity in both of the messages. However, Read points to no provision of the FCCPA that requires such disclosure. Under section 559.72(15), a consumer debt collector may not “[rjefuse to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents if requested to do so by a debt- or from whom she or he is collecting or attempting to collect a consumer debt.” (Emphasis added.) But Read did not allege — nor could she allege — that MFP refused any request to provide identifying information. Thus, Read did not — and cannot — allege a violation of section 559.72(15).
In her complaint, Read cited to two provisions of the FDCPA that she contended *1154 supported her allegations against MFP: 15 U.S.C. § 1692d(6), which prohibits consumer debt collectors from placing “telephone calls without meaningful disclosure of the caller’s identity,” and 15 U.S.C. § 1692e(ll), which requires a consumer debt collector to disclose in both the initial and all subsequent communications with the debtor that he or she is attempting to collect a debt. However, Read specifically alleged in her complaint that she was not asserting a claim under the FDCPA. Thus, while Read may arguably have alleged a violation of the FDCPA,[1] she failed to allege a violation of the FCCPA — the act under which she actually sued. This failure was fatal to Read’s complaint.
Apparently recognizing this dilemma, Read alleged in her complaint that MFP’s failure to provide identifying information in its messages violated either section 559.72(7) or section 559.72(9). Through a series of convoluted steps, Read argued that these two statutes, which clearly do not deal with what information a debt collector must impart when leaving an answering machine message for a debtor, nevertheless require consumer debt collectors to disclose information over and above what is set forth in section 559.72(15). We cannot agree with Read’s argument because it violates long-standing principles of statutory construction.
“ ‘[I]t is a well settled rule of statutory construction ... that a special statute covering a particular subject matter is controlling over a general statutory provision covering the same and other subjects in general terms.’ ” McDonald v. State, 957 So.2d 605, 610 (Fla.2007) (quoting Adams v. Culver, 111 So.2d 665, 667 (Fla.1959)); see also Sch. Bd. of Palm Beach Cnty. v. Survivors Charter Sch., Inc., 3 So.3d 1220, 1233 (Fla.2009) (noting that “specific statutes covering a particular subject area will control over a statute covering the same subject in general terms”). Here, section 559.72(15) specifically defines the circumstances under which a consumer debt collector must provide identifying information to a consumer in Florida when collection phone calls are made. Even assuming that Read could show that sections 559.72(7) and 559.72(9) cover this same subject, the specific provisions of section 559.72(15) would control.
In addition, courts will not interpret a statute in such a way as to render portions of it meaningless. See, e.g., Am. Home Assurance Co. v. Plaza Materials Corp., 908 So.2d 360, 366 (Fla.2005). If section 559.72(7) and/or section 559.72(9) were interpreted to require a consumer debt collector to affirmatively disclose identifying information to a Florida consumer without a request from the consumer, this would render section 559.72(15), which requires the disclosure of this information only upon request, meaningless. We will not support such an interpretation. When, as here, the FCCPA contains a specific provision addressing the conduct *1155 at issue, a trial court may not ignore the FCCPA’s plain language. And while we recognize that a Florida consumer is entitled to the benefit of whichever statute has the more protective provisions — be it federal or Florida, see Clayton v. Bryan, 753 So.2d 682, 634 (Fla. 5th DCA 2000) — the plaintiff must nevertheless bring his or her claim pursuant to the applicable statute.
Moreover, Read’s alternative assertion that MFP’s messages violated section 559.72(9) is without merit. To show a violation of section 559.72(9), “it must be shown that a legal right that did not exist was asserted and that the person had actual knowledge that the right did not exist.” Pollock v. Bay Area Credit Serv., LLC, No. 08-61101-Civ, 2009 WL 2475167, at *9 (S.D.Fla. Aug.13, 2009) (emphasis added). Thus, for example, a plaintiff may establish a violation of section 559.72(9) by showing that the debt collector garnished wages in violation of the statutory requirements for garnishment, see Cliff v. Payco Gen. Am. Credits, Inc., 363 F.3d 1113, 1124 (11th Cir.2004), or actively attempted to collect a debt when the debt collector knew that the consumer had filed for bankruptcy protection, cf. Bacelli v. MFP, Inc., 729 F.Supp.2d 1328, 1337 (M.D.Fla.2010), or attempted to collect postjudgment interest in an amount greater than the statutory rate, cf. N. Star Capital Acquisitions, LLC v. Krig, 611 F.Supp.2d 1324, 1336-37 (M.D.Fla.2009), or attempted to collect a debt that had already been satisfied, see Williams v. Streeps Music Co., 333 So.2d 65, 67 (Fla. 4th DCA 1976). In each of those cases, the debt collector asserted specific legal rights concerning the collection of the debt at issue when it did not legally possess those rights.
Here, Read did not and cannot point to any legal right that MFP asserted when it left the messages on her answering machine. A recorded message that does nothing more than request a return call simply does not constitute the assertion of any right, legal or not. Further, if, as Read asserts, MFP’s failure to comply with the provisions of the FDCPA somehow constituted the “assertion of a legal right,” then any and all violations of any provision of the FDCPA would constitute a violation of section 559.72(9) as a matter of law, which is clearly not the case. See Beeders, 2010 WL 2696404, at *6 (holding that “a violation of the federal statute does not automatically constitute a violation of the state statute”). To show a violation of section 559.72(9), Read was required to point to some independent legal right that MFP improperly asserted when it left the messages on her answering machine. Because Read did not and cannot point to any such assertion of any such right, the trial court properly granted judgment on the pleadings in favor of MFP as to this subsection.
In sum, to successfully assert a claim under the FCCPA, a plaintiff must allege a violation of a specific provision of the FCCPA — not a violation of the FDCPA. On the facts presented here, Read did not and cannot state a claim for a violation of the FCCPA based on MFP’s conduct. Therefore, the trial court properly granted judgment on the pleadings in favor of MFP.
Affirmed.
ALTENBERND, VILLANO!, and BLACK, JJ„ Concur.

. We also note that both the FDCPA and the FCCPA prohibit a consumer debt collector from disclosing any information about the consumer's alleged debt, or the attempts at collection thereof, to any third party without the consumer’s prior consent. See 15 U.S.C. §§ 1692c(b), 1692b(2); § 559.72(5), Fla. Stat. Any requirement that a debt collector identify itself as such in an answering machine message could result in a violation of these provisions if the answering machine is used by persons in addition to the alleged consumer debtor. While there are federal cases that hold that a consumer debt collector may not intentionally violate 15 U.S.C. § 1692d(6) in an effort to avoid violating 15 U.S.C. § 1692c(b), see, e.g., Edwards v. Niagara Credit Solutions, Inc., 584 F.3d 1350, 1353-54 (11th Cir.2009), we decline to address this issue since Read did not bring her claim under the FDCPA.