Kevin MEARS, Plaintiff,

v.

LVNV FUNDING, LLC, a Nevada Limited Liability Corporation, Defendant.

Frederick G. Wenk, Kara M. Wenk, Plaintiffs,

v.

LVNV Funding, LLC, a Nevada Limited Liability Corporation, Defendant.

Jeff Short, Plaintiff,

v.

LVNV Funding, LLC, a Nevada Limited Liability Corporation, Defendant.

Michael David Burr, Plaintiff,

v.

LVNV Funding, LLC, a Nevada Limited Liability Corporation, Defendant.

CASE NO. 3:14–cv–1207–J–20PDB, CASE NO. 3:14–cv–1208–J–20MCR, CASE NO. 3:14–cv–1240–J–20MCR, CASE NO. 3:14–cv–01333–J–20JBT

United States District Court, M.D. Florida, **Jacksonville Division.**

Signed 11/04/2015

Filed 11/05/2015

Bryan K. Mickler, Taylor King, Mickler & Mickler, Jacksonville, FL, for Plaintiffs.

Ella Aliza Shenhav, Shutts & Bowen, LLP, Tampa, FL, for Defendant.

### ORDER

HARVEY E. SCHLESINGER, District Judge

This matter is before this Court on the Plaintiffs' Motion for Summary Judgment, (Dkt. 25), Defendant's Response to Plaintiffs' Motion and Cross–Motion for Summary Judgment, (Dkt. 31), and the Plaintiffs' Response thereto (Dkt. 33).

## I. INTRODUCTION

Between October 1, 2014 and March 4, 2014, each of the individual Plaintiffs, Kevin Mears, Michael David Burr, Frederick Wenk, Kara Wenk, and Jeff Short (collectively "Plaintiffs"), filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Middle District of Florida. (Dkt. 25 at 4–5). In each bankruptcy proceeding, Defendant LVNV Funding, LLC ("LVNV") filed a "stale debt" proof of claim, or a claim to collect debt that was time-barred by the applicable Florida statute of limitations' allowance for debt collection enforcement. (Dkts. 31 at 2, 33 at 3).

Based on these bankruptcy filings, Plaintiffs' filed a two-count Complaint. In Count I, Plaintiffs sought relief pursuant to the Fair Debt Collection Practices Act ("FDCPA" or "Act"), 15 U.S.C. §§ 1692a–1692g, and, in Count II, according to the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55–559.785. Each Plaintiff sought statutory and actual damages for Defendant's belated proofs of claim. Following a "Consent Motion for Consolidation of Trials," Plaintiffs' cases were consolidated on April 2, 2015. (Dkt. 22).

In the instant pleadings, Plaintiffs seek summary judgment solely on their FDCPA claims, while Defendant seeks complete summary judgment on both the FDCPA and FCCPA claims.

## II. STANDARD OF REVIEW

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file after discovery show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). Summary judgment is inappropriate if the evidence is such that a reasonable jury could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In ruling on a motion for summary judgment, the court can consider all of the material in the record, not only that which is cited. Fed. R. Civ. Pro. 56(c)(3). On cross-motions for summary judgment, the court views all the facts in the light most favorable to the opposing party. *Griffis v. Delta Family–Care Disability,* 723 F.2d 822, 824 (11th Cir.1984). The moving party bears the initial burden to show that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party successfully meets its burden, the burden shifts to the non-moving party to demonstrate that there is a genuine dispute as to a material issue of fact. *Scott v. Harris,* 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). The evidence must be viewed in a light most favorable to the nonmovant. *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548.

## III. DISCUSSION

In the motions before this Court, the parties raise several issues, but the crucial inquiry is whether Plaintiffs' FDCPA claims are precluded by the Bankruptcy Code.[1] As this question carries the day,

---

1. Specifically, Plaintiffs allege that Defendant violated the FDCPA by filing stale claims in their Chapter 13 bankruptcy proceedings, that filing such claims is an "unfair or unconscionable" way to collect a debt, that these claims are not precluded or preempted by the Bankruptcy Code, and the Eleventh Circuit's decision in *Crawford v. LVNV Funding, LLC,* 758 F.3d 1254 (11th Cir.2014) *cert. denied,* —— U.S. ——, 135 S.Ct. 1844, 191 L.Ed.2d 724 (2015) should be applied retroactively. Defendant, conversely, argues that the

there is no need for this Court to address the remaining issues.

## A. Bankruptcy Code

■■■ The Code defines a claim as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). A creditor "may file a proof of claim," 11 U.S.C. § 501(a), and that proof of claim is "is deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 502(a). In other words, to partake in any debtor's estate, the Code directs a creditor file a proof of claim; "[w]hen a debtor declares bankruptcy, each of its creditors is entitled to file a proof of claim." *Travelers Cas. & Sur. Co. of Am. v. Pacific Gas & Elec. Co.*, 549 U.S. 443, 449, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007). The creditor's ability to file a proof of claim is a right that comes with the debt, and that claim acts as the cord tethering the creditor to their right of payment. *See Penn. Dept. Of Public Welfare v. Davenport*, 495 U.S. 552, 559, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990), superseded by statute, Criminal Victims Protection Act of 1990, Pub.L. No. 101–581, 104 Stat. 2865, as recognized in *Johnson v. Home State Bank*, 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991)(stating that "right of payment" is no more than an enforceable obligation). By this right, proofs of claim can be filed whenever creditors have a valid claim without regard to state statutes of limitation. *Crawford*, 758 F.3d at 1259 (explaining, "the time-barred claim is automatically allowed against the

debtor pursuant to 11 U.S.C. § 502(a)-(b) and Bankruptcy Rule 3001(f).").

■■■ However, the debtor is not defenseless to these overtures. The Code provides debtors faced with a time-barred proof of claim a mechanism for action—an objection. 11 U.S.C. § 502(b). "One of the core fundamentals in bankruptcy is a creditor's right to file a proof of claim, which is presumed to be prima facie valid *until an objection is filed.*" *Pariseau v. Asset Acceptance, LLC (In re Pariseau)*, 395 B.R. 492, 495 (Bankr.M.D.Fla.2008) (emphasis added). Among the reasons listed for an objection is that a "claim is unenforceable against the debtor and property of the debtor." 11 U.S.C. § 502(b)(1). Should a debtor not object to the time-barred debt, "[g]iven the Bankruptcy Code's automatic allowance provision, the otherwise unenforceable time-barred debt will be paid from the debtor's future wages as part of his Chapter 13 repayment plan." *Crawford*, 758 U.S. at 1261. *See* 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects.").

## B. FDCPA Guidelines

■■■ In 1977, the FDCPA was passed in order to stop "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). The Act regulates debt-collectors providing specifically that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692(e), and "[a] debt collector may not· use unfair or unconscionable

FDCPA claims are precluded by the Code, that Plaintiffs have failed to state a claim, and that the doctrine of *res judicata* bars the Plaintiffs' claims based on the Supreme Court's recent findings in *Bullard v. Blue*

*Hills Bank.* —— U.S.——, 135 S.Ct. 1686, 191 L.Ed.2d 621 (2015). Alternatively, Defendant contends that *Crawford* should not be applied retroactively.

means to collect or attempt to collect any debt." *Id.* § 1692(f). "In short, the FDCPA regulates the conduct of debt-collectors, which the statute defines as any person who, inter alia, 'regularly collects . . . debts owed or due or asserted to be owed or due another.'" *Crawford,* 758 F.3d at 1258 (quoting 15 U.S.C. § 1692a(6)). To enforce the FDCPA's restrictions, Congress "equipped" debtors with a "private right of action." *Id.*

## C. Preclusion

■ "[F]ederal circuit and district courts have uniformly held that a debt collector's threatening to sue on a time-barred debt and/or filing a time-barred suit in state court to recover that debt violates §§ 1692e and 1692f." *Crawford,* 758 F.3d at 1260. However, there is no uniformity on the issue of whether the FDCPA's private right of action is precluded by a claim filed during bankruptcy proceedings. To date, the Second and Ninth Circuits favor preclusion, while the Third and Seventh Circuits entertain joint bankruptcy and FDCPA litigation. *Compare Simmons v. Roundup Funding, LLC,* 622 F.3d 93, 94 (2d Cir.2010) (concluding that the filing of a proof of claim filed by a creditor the plaintiff's bankruptcy proceeding "cannot form the basis for a claim under the FDCPA. . . ."); *Walls v. Wells Fargo Bank, N.A.,* 276 F.3d 502, 504 (9th Cir.2002) (explaining that to allow an FDCPA claim by a discharged debtor would "circumvent the Bankruptcy Code's remedial scheme.") *with Simon v. FIA Card Servs., N.A.,* 732 F.3d 259, 274 (3d Cir.2013) (stating "[w]hen, as here, FDCPA claims arise from communications a debt collector sends a bankruptcy debtor in a pending bankruptcy proceeding, and the communications are alleged to violate the Bankruptcy Code or Rules, there is no categorical preclusion of the FDCPA claims."); *Randolph v. IMBS, Inc.,* 368

F.3d 726, 732 (7th Cir.2004) (explaining "[t]he Bankruptcy Code of 1986 does not work an implied repeal of the FDCPA, any more than the latter Act implicitly repeals itself.").

When given the opportunity to address this issue, the Eleventh Circuit, in *Crawford,* explained that the filing of stale proof of claim in Chapter 13 Bankruptcy proceedings violated the FDCPA. 758 F.3d at 1261–62. *Crawford,* however, declined to address whether the Code "preempt[ed] the FDCPA when creditors misbehave[d] in bankruptcy." *Id.* at n. 7.

Courts across this circuit have struggled to interpret the consequences of *Crawford* in relation to preclusion. In finding for preclusion, the Court in *Johnson v. Midland Funding, LLC,* explained an "irreconcilable conflict" existed between the Bankruptcy Code and the FDCPA and that the FDCPA "must give way to the Code." 528 B.R. 462, 473 (S.D.Ala.2015). Further, in *Lewis v. Lvnv Funding, LLC,* No 15–CIV–61313–BLOOM/Valle, 2015 WL 5819992, at * 7 (S.D.Fla. Oct. 6, 2015) the Court determined, "FDCPA claims predicated upon the filing of a proof of claim, which is permissible under the Bankruptcy Code irrespective of the available defenses, must yield to the Code." Additionally, in *Neal v. Atlas Acquisitions, LLC,* No, 3:14–cv–1113–J–34PDB, 2015 WL 5687785, at * 7 (M.D.Fla. Sept. 25, 2015), the Court examined the split of authority on the issue, but ultimately concluded "that the Bankruptcy Code precludes an FDCPA claim based on these specific facts."

Other courts have reach the opposite conclusion. *In re Seak* explained, that *Crawford* allowed "a bankruptcy debtor to pursue his claims under the FDCPA, and did not determine that the debtor's remedies were limited to the claims process under the Bankruptcy Code." *In re Seak,*

No. 3:13–bk–5446–PMG, 2015 WL 631578, at *3 (Bankr.M.D.Fla. Jan. 22, 2015). In *Davis v. NCO Financial Systems, Inc.*, after examining *Crawford* and decisions, the Court explained that Plaintiff's claims were "separate and apart from any claim Plaintiff may have in the bankruptcy court" and that Plaintiff could maintain an "an action for violation of the FDCPA ... despite the fact that he is also pursuing a claim for violation of the automatic stay in the adversary proceeding in the bankruptcy court." No. 8:14–cv–198–T–24TGW, 2014 WL 4954705 at *2–4 (M.D.Fla. Oct. 2, 2014).

■■■ This Court recognizes that "[o]ne federal statute does not preempt another." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir.2004). Rather, there is a "presumption against the implied repeal of one federal statute by another." *Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 274 (3d Cir.2013). Courts have the duty, "absent a clearly expressed congressional intention to the contrary," to permit two separate statutes to exist side-by-side. *Id.* "Redundancies across statutes are not unusual events in drafting, and so long as there is no 'positive repugnancy' between two laws, a court must give effect to both." *Id.* (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) (citation and internal quotation marks omitted)). "Nor is 'a statute dealing with a narrow, precise, and specific subject ... submerged by a later enacted statute covering a more generalized spectrum.'" *Id.* (quoting *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976)). "It takes either irreconcilable conflict between the statutes or a clearly expressed legislative decision that one replace the other." *Randolph*, 368 F.3d at 730.

An irreconcilable conflict is what appears before this Court—the Code permits conduct that the Act prohibits. Therefore, this Court is persuaded by the reasoning of the courts addressed above and concludes that the Act must yield to the Code. Accordingly, Defendant's motion is due to be granted on Plaintiffs' FDCPA claims.

## D. FCCPA Claim

Defendant seeks summary judgment on their FCCPA claims. Regardless of Defendant's request, this Court must first determine whether it remains appropriate to address this state law question now that the federal issue has been resolved.

■■■ Importantly, Florida courts are clear the FDCPA and the FCCPA are not identical statutes. *Read v. MFP, Inc.*, 85 So.3d 1151, 1153 (Fla.2d Dist.2012). While the FDCPA and the FCCPA "generally apply to the same types of conduct" and Florida courts have given "great weight" to the interpretation of the FDCPA, these statutes are "not identical, and a violation of one act does not automatically constitute a violation of the other." *Id.*

■■■ The FCCPA is a state cause of action and this Court would be wading into a Florida law issue after the federal issue has been resolved. Maintaining supplemental jurisdiction over state law claims requires that "the relationship between ... [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). A court may decline to exercise supplemental jurisdiction if:

(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has

original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c) (2012). In the absence of any of these four factors, the court must exercise supplemental jurisdiction. *Palmer v. Hospital Auth. of Randolph County*, 22 F.3d 1559, 1569 (11th Cir.1994).

Since the federal claims have been disposed of and this case now involves solely a question of state law, this Court declines to exercise supplement jurisdiction over the FCCPA allegations. *See Hinkle v. Asset Acceptance, LLC*, Case No. 09–60928–CIV, 2010 WL 298396, at * 1 (S.D.Fla. Jan. 20, 2010) (after granting summary judgment on FDCPA claim, the court declined to exercise supplemental jurisdiction over FCCPA claim).

## IV. CONCLUSION

For the reasons discussed above, this Court grants summary judgment for Defendant on Count One, but declines to exercise supplemental jurisdiction over Court Two.

Accordingly, it is **ORDERED:**

1. Plaintiff's Motion for Summary Judgment (Dkt. 25) is **DENIED;**

2. Defendant's Motion for Summary Judgment (Dkt. 31) is **GRANTED in PART;** and

3. The Clerk is directed to enter **JUDGMENT** in favor of Defendant on Count I of the Complaint;

4. Count II of the Complaint is **DISMISSED WITHOUT PREJUDICE;** and

5. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in at Jacksonville, Florida, this <u>4th</u> day of November 2015.