NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DYCK O'NEAL, INC.,                    )
                                      )
            Appellant,                )
                                      )
v.                                    )          Case No. 2D15-2989
                                      )
KAMI WARD,                            )
                                      )
            Appellee.                 )
_____)

Opinion filed January 27, 2017.

Appeal from the Circuit Court for Lee
County; Alane Laboda, Judge.

Susan B. Morrison of Law Offices of Susan
B. Morrison, P.A., Tampa, for Appellant.

W. Justin Cottrell of Cottrell Law Group,
LLC, Naples, for Appellee.


KHOUZAM, Judge.

            Dyck O'Neal, Inc. (DONI), timely appeals the final summary judgment

entered in favor of Kami Ward in this action for a deficiency decree based on a final

judgment of foreclosure.  Because the trial court incorrectly determined that section

559.715, Florida Statutes (2013), creates a condition precedent to a deficiency action,

we reverse.

In 2009, a final foreclosure judgment was entered against Ward. The property was sold at a foreclosure sale for $100—much less than either the amount due on the judgment or the value of the property. After the foreclosure sale, the judgment was assigned to DONI. DONI filed a complaint against Ward, seeking a deficiency decree based on the foreclosure judgment. Ward asserted as an affirmative defense that DONI had failed to comply with a condition precedent found in section 559.715, which provides as follows:

> This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, <u>the assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt.</u> The assignee is a real party in interest and may bring an action to collect a debt that has been assigned to the assignee and is in default.

(Emphasis added.) She claimed that DONI had given her notice of the assignment only thirteen days before filing the deficiency complaint instead of waiting at least thirty days as required by section 559.715. The trial court agreed with Ward's reasoning and granted final summary judgment in her favor.

Section 559.715 is part of the Florida Consumer Collection Practices Act, §§ 559.55-.785 (2013) (FCCPA), which is much like the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (2013) (FDCPA). <u>See</u> <u>Read v. MFP, Inc.</u>, 85 So. 3d 1151, 1153 (Fla. 2d DCA 2012) (explaining that both acts apply to the same types of conduct but are not identical). Because of this similarity, interpretations of the FDCPA are useful in interpreting the FCCPA. <u>See</u> § 559.77(5) ("In applying and construing [the FCCPA], due consideration and great weight shall be given to the

- 2 -

interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act.").

On appeal, DONI argues that the court erred in granting summary judgment based on DONI's failure to comply with section 559.715 because that section does not apply to deficiency actions. We agree. In interpreting a provision of the FDCPA, this court recently held that a "deficiency proceeding, rather than being an action on a consumer debt that has been reduced to judgment, is actually an action to enforce the result of a foreclosure proceeding and obtain a money judgment." Aluia v. Dyck-O'Neal, Inc., 41 Fla. L. Weekly D1660, D1661 (Fla. 2d DCA July 15, 2016). We reasoned that:

> A deficiency suit is not a "legal action on" the note; it is an action on the final judgment of foreclosure. The final judgment of foreclosure is not "an obligation . . . of a consumer to pay money," nor does it arise from a business dealing or consensual obligation. The final judgment of foreclosure is a judgment in rem or quasi in rem which arises from the foreclosure proceeding.

Id. (quoting the definition of "debt" found in 15 U.S.C. § 1692a(5)).

This analysis should apply equally to the FCCPA because the definition of "debt" under both acts is essentially the same. See 15 U.S.C. § 1692a(5) ("The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."); § 559.55(6) (" 'Debt' or 'consumer debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which

- 3 -

are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."). It follows that a deficiency action is not an action to collect a consumer debt as contemplated by either act. Because a deficiency action is not an action to collect consumer debt, section 559.715's requirement that notice must be given "at least 30 days before any action to collect the debt" does not apply. DONI was not required to give Ward notice pursuant to section 559.715 before filing a deficiency action.

Reversed and remanded for further proceedings.

LaROSE and CRENSHAW, JJ., Concur.