# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3618

_____

EDWARD MICHAEL KELLY,

Appellant,

v.

JULIE DUGGAN,

Appellee.

_____

On appeal from the Circuit Court for Leon County.
John C. Cooper, Judge.

October 23, 2019

M.K. THOMAS, J.

Edward Michael Kelly ("Kelly") challenges the dismissal of his complaint against Julie Duggan ("Duggan") for alleged violations of the Florida Consumer Collection Practices Act ("FCCPA") in an unpaid condominium assessment dispute. Kelly argues the trial court erred in dismissing the complaint for failure to state a cause of action because condominium assessments qualify as "consumer debts" under the FCCPA. We agree and reverse.

## I. Facts

A dispute arose between Kelly and Chez Sois Condominium Association[1] regarding disputed past due assessments. Kelly, a condominium owner and resident, contends that Duggan, President of the Association, violated the FCCPA by locking him out of a storage unit, making public derogatory statements about him, and disclosing information about his reputation to a vendor. He further claims he did not receive notice of a board meeting during which his common area privileges were considered and eventually suspended.

Kelly seeks a declaration that Duggan violated the FCCPA,[2] an injunction against future violations, and statutory damages of $1,000 and other monetary damages under section 559.77(2), Florida Statutes. Duggan moved to dismiss the complaint citing *Bryan v. Clayton*, 698 So. 2d 1236 (Fla. 5th DCA 1997), *rev. denied,* 707 So. 2d 1123 (Fla. 1998), *cert. denied,* 524 U.S. 933 (1998), which held that the Fair Debt Collection Practices Act ("FDCPA") and the FCCPA's definition of "debt" excludes maintenance assessments owed to a homeowner's association. Based on *Bryan*, the trial court dismissed the complaint. This appeal followed.

## II. Legal Analysis

Because the question of whether condominium assessments fall within the purview of the FCCPA as a consumer debt is one of statutory interpretation, we review the issue *de novo*. *See Kuria v. BMLRW, LLLP*, 101 So. 3d 425, 426 (Fla. 1st DCA 2012). The question of whether the complaint stated a cause of action is one of law, which is also reviewed *de novo*. *Doe v. Baptist Primary Care, Inc.,* 177 So. 3d 669, 674 (Fla. 1st DCA 2015) (quoting *Locker v. United Pharm. Grp., Inc.*, 46 So. 3d 1126, 1128 (Fla. 1st DCA 2010)).

---

[1] Chez Sois Homeowner's Association, Inc., is a condominium association operating pursuant to Chapter 718, Florida Statutes.

[2] §§ 559.55 - .785, Fla. Stat., (FCCPA).

Both the FCCPA and its federal counterpart, FDCPA, regulate consumer debt collection in Florida. *See* § 559.552, Fla. Stat. (2016) ("Nothing in [FCCPA] shall be construed to limit or restrict the continued applicability of the federal [FDCPA] to consumer collection practices in this state. This part is in addition to the requirements and regulations of the federal act."). Although both generally apply to the same conduct, the acts are not identical. *See Read v. MFP, Inc.,* 85 So. 3d 1151, 1153 (Fla. 2d DCA 2012). A violation of the FDCPA does not automatically constitute a violation of the FCCPA. *Id.* Because the two acts are not strictly interchangeable, a plaintiff seeking damages under either the FDCPA or the FCCPA must allege and prove a violation of the act actually sued upon. *Id.* Here, Kelly raises only a violation of the FCCPA, the state law.

The FCCPA provides that no person shall engage in certain practices while attempting to collect a consumer debt. § 559.72, Fla. Stat. (2016). To recover under the FCCPA, a plaintiff must first show that the money being collected qualifies as a "consumer debt." *Agrelo v. Affinity Mgmt. Servs., LLC*, 841 F.3d 944, 950 (11th Cir. 2016). The FCCPA defines "debt" or "consumer debt" as:

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

§ 559.55(6), Fla. Stat. This statutory definition has not substantively changed since 1993.

At the time of the trial court's consideration of Kelly's complaint, the only Florida appellate court decision addressing this issue supported dismissal. *See Bryan*, 698 So. 2d at 1237. Thus, the trial court was bound by the holding in *Bryan*. *See Pardo v. State*, 596 So. 2d 665, 666 (Fla. 1992) ("[I]n the absence of interdistrict conflict, district court decisions bind all Florida trial courts.").

3

In *Bryan*, the Fifth District determined that the definition of "consumer debt" is ambiguous and does not clearly encompass a homeowner's maintenance assessment. *Id.* at 1237. In support, the court cited federal precedent declining to label maintenance assessments as consumer "debts." *Id.* On Motion to Stay or Recall Mandate in *Bryan*, the Fifth District reaffirmed its decision but applied different reasoning. *Id.* at 1237-38. The *Bryan* court noted that a federal decision issued after release of its original opinion provided further insight. *Id.* at 1237. Specifically, in *Newman v. Boehm, Pearlstein and Bright, Ltd.*, 119 F.3d 477 (7th Cir. 1997), the United States Court of Appeals for the Seventh Circuit concluded that the assessment imposed upon the owner of a condominium unit for his pro rata share of the costs of maintenance of the common elements and other common costs of condominium unit ownership was a "consumer debt." The reasoning in *Newman* specifically rejected the previous analysis followed by *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163 (3d Cir. 1987), which limited application of the FDCPA to debts involving an extension of credit. Although the federal decisions cited by the original *Bryan* opinion followed the analysis in *Zimmerman*, in reaffirming its decision, the *Bryan* court explained that the rejection of the extension of credit analysis[3] did not determine whether a condominium maintenance assessment was a consumer debt. *Bryan*, 698 So. 2d at 1237. The Fifth District declared that the purchase of a condominium unit was not a "consumer" transaction. *Id.* at 1237-38. The court was "dubious that the question whether an association assessment is a 'consumer debt' subject to the [FDCPA] turns on whether the unit was originally purchased for 'personal, family, or household' purposes." *Id.* at 1238.

Since *Bryan*, case law has supported the argument that the purchase of a home is a consumer transaction for purposes of the FCCPA. *See Bank of Am., N.A. v. Siefker*, 201 So. 3d 811, 815 (Fla. 4th DCA 2016) (holding that mortgage foreclosure action was action to collect debt under FCCPA); *Brindise v. U.S. Bank Nat'l*

---

[3] This Court has also rejected the argument that, to constitute a debt under the FCCPA, an extension of credit is required. *Morgan v. Wilkins*, 74 So. 3d 179, 182 (Fla. 1st DCA 2011).

4

*Ass'n*, 183 So. 3d 1215 (Fla. 2d DCA 2016) (assuming that a mortgage foreclosure suit could be considered collection of a consumer debt); *Cole v. Echevarria, McCalla, Raymer, Barrett & Frappier*, 965 So. 2d 1228 (Fla. 1st DCA 2007) (affirming certification of class of those reinstating mortgages in action alleging violations of FCCPA and FDCPA).

Although not binding, federal court decisions are given great weight when construing the FCCPA. *See Dish Network Serv., L.L.C. v. Myers,* 87 So. 3d 72, 77 (Fla. 2d DCA 2012). Since *Bryan*, multiple federal courts have weighed in on the parameters of the FCCPA's "consumer debt" definition. Specifically, in *Wright v. Bush Ross, P.A.*, No. 8:07-cv-1885-T-23MAP, 2008 WL 190466 (M.D. Fla. Jan. 18, 2008), the federal court condemned the holding in *Bryan*, specified that the alleged wrongdoer under the FCCPA is not required to be a "debt collector," and that *Bryan*'s interpretation of the FCCPA relied partly on the persuasive authority of early federal district court decisions later reversed or disapproved. *Id*. In reaching its decision, the federal district court in *Wright* noted, "federal courts . . . consistently hold that condominium assessments and homeowners' association fees are 'debts' under the FDCPA." *Id*. at *2.

In *Agrelo*, the United States Court of Appeals for the Eleventh Circuit addressed the identical issue before us. 841 F.3d at 946. *Agrelo* held condominium assessment fees were consumer debts. *Id*. at 952. Specifically, "HOA assessments stem directly from the consensual home-purchase transaction. When a home buyer must contractually agree to pay homeowners' assessments in order to purchase a home, that home buyer takes on 'debts' for those assessments under the FCCPA." *Id*. at 951; *see also Ladick v. Van Gemert,* 146 F.3d 1205, 1205 (10th Cir. 1998) (holding that condominium assessments are debts subject to the FDCPA); *Kelly v. Dunlap & Shipman, P.A.*, No. 4:16cv709-RH/CAS, 2017 WL 528487, *1 (N.D. Fla. Feb. 7, 2017) (holding that condominium dues were consumer debt under the FDCPA); *Malowney v. Bush/Ross*, No. 8:09-CV-1189-T-30TGW, 2009 WL 3806161, *4 (M.D. Fla. Nov. 12, 2009) ("[E]xtending the FCCPA's protections to people owing homeowners association assessments is more protective than excluding them from the protections, casting doubt on the viability of the *Bryan* decision as it applies to the FCCPA.");

*Williams v. Edelman,* 408 F. Supp. 2d 1261, 1266–68 (S.D. Fla. 2005) (holding condominium assessments are "debts" under the FDCPA); *Agan v. Katzman & Korr, P.A.,* No. 03–62145-CIV, 2004 WL 555257, *1 (S.D. Fla. Mar. 16, 2004) (holding condominium assessments are "debts" under the FDCPA); *Fuller v. Becker & Poliakoff, P.A.,* 192 F. Supp. 2d 1361, 1368 (M.D. Fla. 2002) (holding maintenance assessments that the HOA sought to collect in Defendants' letters are debts subject to the FDCPA).[4]

We respectfully disagree with the Fifth District that the FCCPA's definition of debt has "no plain meaning and its intent is anything but crystal clear." *Bryan*, 698 So. 2d at 1237. To apply, the payment obligation or "debt" must arise (1) from a consumer out of a (2) money, property, insurance, or services transaction which is (3) primarily for personal, family, or household purposes. *See Agrelo*, 841 F.3d at 950. A condominium assessment arises from a transaction to purchase property—a condominium. *See* § 718.1256, Fla. Stat. (2017) (classifying condominiums as residential property). The purchase of a condominium subjects the owners to a declaration of covenants, which statutorily must include an obligation to pay assessments imposed by the association. *See* § 718.104(4)(g), Fla. Stat. (2017) (requiring a declaration to include the shares of liability for common expenses); § 718.115(2), Fla. Stat. (2017) (providing that funds for payment of common expenses be collected by assessments on units in percentages set forth in condominium declaration). Even if the owner pays the assessments at a later time, the owner incurred the obligation to pay during the purchase transaction. *See* § 718.116(1)(a), Fla. Stat. (2017) (providing that condo owner, regardless of how acquired title, is liable for all assessments when they come due).

---

[4] Based on the same facts, Kelly also sued counsel for Chez Sois in the United States District Court for the Northern District of Florida alleging violation of the FDCPA relating to its attempts to recover delinquent condominium assessments. *See Kelly v. Dunlap & Shipman, P.A.*, No. 4:16cv709-RH/CAS, 2017 WL 528487, *1 (N.D. Fla. Feb. 2, 2017). In denying a motion to dismiss, the Northern District's order detailed, "The defendant first asserts that the obligation to pay condominium dues is not a consumer debt covered by the statute. The better view is to the contrary." *Id.*

The maintenance assessment obligation arises from a governing contract. The central question is whether a contractual obligation to pay maintenance assessments creates a "debt" under the FCCPA. We answer the question in the affirmative. The assessments are grounded in the consensual home-purchase transaction. When a home buyer must contractually agree to pay homeowners' or maintenance assessments as a prerequisite to purchase, that home buyer takes on "debts" for those assessments under the FCCPA. By entering into the contract or governing documents, homeowners agree that a failure to comply with assessment requirements could result in a fine that would be deemed an individual assessment. Thus, the obligation to pay an assessment for a claimed breach of the contract arose out of an underlying consumer transaction.

Application of the FCCPA's protections to condominium associations is supported by case law and the rules of statutory construction. This application is consistent with our statutory obligation to construe the FCCPA in a manner that is protective of the consumer. *See* § 559.552, Fla. Stat. Accordingly, we hold that condominium assessments are consumer debts under the FCCPA such that a consumer may seek civil remedies for violations thereof. In so holding, we certify conflict with *Bryan*, reverse the dismissal of Kelly's complaint, and remand for further proceedings.

REVERSED and REMANDED.

RAY, C.J., and LEWIS, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

David H. Abrams of the Law Office of David H. Abrams, Tallahassee, for Appellant.

7

C. Todd Owen and William T. Jackson of Dennis, Jackson, Martin & Fontela, P.A., Tallahassee, for Appellee.